## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Action No. 09-383-ML<br>(Consolidated Actions) |

## ANSWER

Defendants, Textron Inc. ("Textron"), the Textron Investment Committee (the "Investment Committee"), Ted R. French, Richard L. Yates, Cathy A. Streker, Deborah A. Imondi, and Mary F. Lovejoy (collectively "Defendants"), by their undersigned attorneys, for their Answer to the Consolidated Class Action Complaint ("Complaint"), state as follows:

1.     Defendants state that paragraph 1 contains no factual allegations and therefore no response is required.  To the extent that paragraph 1 contains any factual allegations, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and the same is therefore denied.

2.     Defendants deny the allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     Defendants deny the allegations in paragraph 4.

5.     Paragraph 5 describes the nature of Plaintiffs' action and states conclusions of law, not allegations of fact, for which no answer is required.  Defendants do not contest that this Court has subject matter jurisdiction over this action.

6.      Paragraph 6 states conclusions of law, not allegations of fact, for which no answer is required.  Defendants do not contest that this Court has personal jurisdiction over the defendants in this action.

7.      Paragraph 7 states conclusions of law, not allegations of fact, for which no answer is required.  Defendants do not contest that venue is proper in the District of Rhode Island.

8.      Defendants state that paragraph 8 contains no factual allegations and therefore no response is required.  To the extent that paragraph 8 contains any factual allegations, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and the same is therefore denied.

9.      Defendants deny the allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Defendants admit the allegations in paragraph 25.

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants admit the allegations in paragraph 27 with respect to French's title at Textron and membership on the Investment Committee, but deny that a full, complete, and accurate characterization of French's stock transactions is set forth in this paragraph.

28.     Defendants admit the allegations in paragraph 28 with respect to Yates's title at Textron and membership on the Investment Committee, but deny that a full, complete, and accurate characterization of Yates's stock transactions is set forth in this paragraph.

29.     Defendants admit the allegations in paragraph 29, except note that Defendant Strecker's name is spelled incorrectly.  The correct spelling is Streker.

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants admit that during the purported Class Period, Ms. Lovejoy served as vice president and treasurer of Textron and served on the Investment Committee, but deny the rest of the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32, except admit that the members of the Investment Committee during the purported Class Period were officers and/or employees of Textron who served on the Investment Committee.

33.     Defendants state that paragraph 33 purports to state a legal conclusion to which no response is required.  In addition, Defendants respectfully refer the Court to the Textron Savings Plan for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the Textron Savings Plan is set forth in this paragraph. Defendants admit that the Plan is an IRS qualified, defined contribution employee benefit pension plan.

34.     Defendants state that paragraph 34 purports to state a legal conclusion to which no response is required.  In addition, Defendants respectfully refer the Court to the Plan for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the Plan is set forth in this paragraph.

35.     Defendants respectfully refer the Court to the June 29, 2009 Form 11-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the June 29, 2009 Form 11-K is set forth in this paragraph.

36.     Defendants respectfully refer the Court to the June 29, 2009 Form 11-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate

characterization of the matters contained in the June 29, 2009 Form 11-K is set forth in this paragraph.

37.     Defendants respectfully refer the Court to the June 29, 2009 Form 11-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the June 29, 2009 Form 11-K is set forth in this paragraph.

38.     Defendants respectfully refer the Court to the June 29, 2009 Form 11-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the June 29, 2009 Form 11-K is set forth in this paragraph.

39.     Defendants respectfully refer the Court to the June 29, 2009 Form 11-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters discussed in the June 29, 2009 Form 11-K is set forth in this paragraph.

40.     Defendants respectfully refer the Court to the annual filings of Textron for the year ending December 31, 2006, 2007, and 2008 for a full and complete statement of their contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in Textron's annual filings with the SEC are set forth in this paragraph.

41.     Defendants respectfully refer the Court to the Textron's June 29, 2009 Form 11-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in Textron's June 29, 2009 Form 11-K is set forth in this paragraph.

42.     Paragraph 42 purports to state a legal conclusion, and no response to it is required.

43.     Paragraph 43 purports to state a legal conclusion, and no response to it is required.

44.     Paragraph 44 purports to state a legal conclusion, and no response to it is required.

45.     Defendants respectfully refer the Court to the 1999 Plan Document and the 2009 Plan Document for a full and complete statement of its contents.  Defendants also state that paragraph 45 otherwise purports to state a legal conclusion to which no response is required. Defendants admit that Textron is the Plan Administrator of Textron's 401(k) Plan.

46.     Defendants state that paragraph 46 purports to state a legal conclusion to which no response is required.

47.     Defendants respectfully refer the Court to the Textron Inc. Master Trust Agreement for a full and complete statement of its contents.  Defendants also state that paragraph 47 purports to state a legal conclusion to which no response is required.

48.     Defendants deny the allegations of paragraph 48, and refer to the 2004 Summary Plan Description for a full and complete statement of its contents.

49.     Paragraph 49 contains a typographical error that makes it impossible for the defendants to respond to it.

50.     Paragraph 50 purports to state a legal conclusion, and no response to it is required. To the extent that paragraph 50 does not state a legal conclusion, the allegations in that paragraph are denied.

51.     Paragraph 51 purports to state a legal conclusion, and no response to it is required. To the extent that paragraph 51 does not state a legal conclusion, the allegations in that paragraph are denied.

52.     The first sentence of paragraph 52 purports to state a legal conclusion, and no response to it is required.  Defendants deny the remaining allegations of paragraph 52.

53.   Defendants respectfully refer the Court to the 2009 Plan Document for a full and complete statement of its contents.  Paragraph 53 also purports to state a legal conclusion, and no response to it is required.

54.   Paragraph 54 purports to state a legal conclusion, and no response to it is required.

55.   Paragraph 55 contains no factual allegations, and no response to it is required.

56.   Paragraph 56 purports to state a legal conclusion, and no response to it is required.

57.   Paragraph 57 purports to state a legal conclusion, and no response to it is required.

58.   Paragraph 58 purports to state a legal conclusion, and no response to it is required.

59.   Defendants deny the allegations of paragraph 59.  Paragraph 59 also purports to state a legal conclusion, and no response to it is required.

60.   Paragraph 60 purports to state a legal conclusion, and no response to it is required.

61.   Paragraph 61 purports to state a legal conclusion, and no response to it is required.

62.   Paragraph 62 purports to state a legal conclusion, and no response to it is required.

63.   Paragraph 63 purports to state a legal conclusion, and no response to it is required.

64.   Paragraph 64 purports to state a legal conclusion, and no response to it is required.

65.   Defendants deny the allegations of paragraph 65, except to admit that Textron's portfolio companies include Cessna Aircraft Company, Bell Helicopter Textron Inc., Textron Systems Corporation, Textron Financial Corporation, and certain industrial businesses. Defendants also deny that a full, complete, and accurate characterization of those businesses is contained in this paragraph.

66.   Defendants deny the allegations in paragraph 66.

67.   Defendants deny the allegations in paragraph 67.

68.   Defendants deny the allegations in paragraph 68.

69.     Defendants aver that no response is required to the allegations contained in paragraph 69 because plaintiffs' claims of alleged misstatements have been dismissed.  To  the extent a response is required, Paragraph 69 is denied.

70.     Defendants aver that no response is required to the allegations contained in paragraph 70 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the documents identified in subparagraphs (a) through (j) for a full and complete statement of their contents.

71.     Defendants aver that no response is required to the allegations contained in paragraph 71 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of their contents.

72.     Defendants aver that no response is required to the allegations contained in paragraph 72 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations of paragraph 73, and respectfully refer the Court to the January 29, 2009 conference call transcript for a full and complete statement of its contents.  Defendants also deny that a full, complete and accurate characterization of the matters discussed in the January 29, 2009 conference call is set forth in this paragraph.

74.     Defendants respectfully refer the Court to the April 28, 2009 Form 8-K for a full and complete statement of its contents.  Defendants deny that a full, complete and accurate characterization of the matters contained in the April 28, 2009 Form 8-K is set forth in this paragraph.

75.      Defendants respectfully refer the Court to the May 19, 2009 investor conference transcript and the May 19, 2009 Reuters.com article for a full and complete statement of their contents.  Defendants deny that a full, complete and accurate characterization of the matters discussed at the May 19, 2009 investor conference or contained in the May 19, 2009 Reuters.com article is set forth in this paragraph.

76.      Defendants deny the allegations in paragraph 76.

77.      Defendants aver that no response is required to the allegations contained in paragraph 77 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the documents referenced for a full and complete statement of their contents, and deny that a full, complete and accurate characterization of the matters contained therein is set forth in this paragraph.

78.      Defendants deny the allegations of paragraph 78, except admit that in April of 2008 Michael Prieto was President and Chief Executive Officer of Bell Aerospace Services Inc. which was, at that time, a subsidiary of Bell Helicopter.  Defendant denies that Prieto reported numerous potential fraud and ethics violations concerning mischarging for labor on contracts with the U.S. Department of Defense.   The remaining allegations of paragraph 78 refer to "court documents" which are not attached and, hence, defendant can neither admit nor deny such allegations, but demands strict proof thereof.

79.      Defendants respectfully refer the Court to the October 16, 2008 U.S. Department of Defense press release and the October 17, 2008 Marketwatch.com article for a full and complete statement of their contents.  Defendants deny that a full, complete, and accurate characterization of the matter contained in the October 16, 2008 U.S. Department of Defense announcement and the October 17, 2008 Marketwatch.com article are set forth in this paragraph.

80.   Defendants respectfully refer the Court to the October 23, 2008 Bloomberg News article for a full and complete statement of their contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the October 23, 2008 Bloomberg News article is set forth in this paragraph, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, particularly with respect to the phrase "word surfaced" and the same is therefore denied.

81.   Defendants deny the allegations in paragraph 81.

82.   Defendants aver that no response is required to the allegations contained in paragraph 82 because plaintiffs' claims of alleged misstatements have been dismissed.  To  the extent a response is required, Paragraph 82 is denied.

83.   Defendants aver that no response is required to the allegations contained in paragraph 83 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the documents identified in subparagraphs (a) through (e) for a full and complete statement of their contents.

84.   Defendants deny the allegations in paragraph 84.

85.   Defendants deny the allegations of paragraph 85, and respectfully refer the Court to the June 13, 2008 Form 8-K, the July 17, 2008 Form 8-K, the October 16, 2008 Form 8-K, the October 16, 2008 Form 8-K, the October 29, 2008 Form 10-Q, the December 16, 2008 Standard & Poor's report, the December 22, 2008 press release, and the 2008 10-K for a full and complete statement of their contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the June 13, 2008 Form 8-K, the July 17, 2008 Form 8-K, the October 16, 2008 Form 8-K, the October 16, 2008 Form 8-K, the October 29, 2008 Form 10-Q, the

December 16, 2008 Standard & Poor's report, the December 22, 2008 press release, and the 2008 10-K is set forth in this paragraph.

86.     Defendants aver that no response is required to the allegations contained in paragraph 86 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Paragraph 86 is denied, except to state that historical price of Textron's stock is a matter of public record.

87.     Defendants aver that no response is required to the allegations contained in paragraph 87 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents, and further state that the historical price of Textron's stock is a matter of public record.

88.     Defendants aver that no response is required to the allegations contained in paragraph 88 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents.

89.     Defendants aver that the closing stock price of Textron on October 17, 2007 and October 18, 2007 are a matter of public record, and no response is therefore required.

90.     Defendants aver that no response is required to the allegations contained in paragraph 90 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents.

91.     Defendants aver that no response is required to the allegations contained in paragraph 91 because plaintiffs' claims of alleged misstatements have been dismissed.  To the

extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents.

92.     Defendants aver that no response is required to the allegations contained in paragraph 92 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents.

93.     Defendants aver that no response is required to the allegations contained in paragraph 93 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents, deny that a full, complete and accurate characterization of the matters contained therein is set forth in this paragraph, and state that the historical price of Textron's stock is a matter of public record.

94.     Defendants aver that no response is required to the allegations contained in paragraph 94 because plaintiffs' claims of alleged misstatements have been dismissed.  To the extent a response is required, Defendants respectfully refer the Court to the document identified for a full and complete statement of its contents, and deny that a full, complete and accurate characterization of the matters contained therein is set forth in this paragraph.

95.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 95.  Defendants also deny that a full, complete, and accurate characterization of any analyst report is set forth in this paragraph.

96.     Defendants aver that the closing stock price of Textron on September 17, 2008 is a matter of public record, and no response is therefore required.

97.     Defendants respectfully refer the Court to the September 26, 2008 Reuters News report for a full and complete statement of their contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the September 26, 2008 Reuters News report is set forth in this paragraph.  Defendants further aver that the closing price and trading volume of Textron stock on September 26, 2008 is a matter of public record, and no response is therefore required.

98.     Defendants respectfully refer the Court to the October 16, 2008 Form 8-K and the October 16, 2008 Bloomberg.com article for a full and complete statement of their contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the October 16, 2007 Form 8-K or the October 16, 2008 Bloomberg.com article is set forth in this paragraph.

99.     Defendants aver that the closing stock price of Textron on October 16, 2008 and October 23, 2008 is a matter of public record, and no response is therefore required.  Defendants respectfully refer the Court to the CMA Datavision report for a full and complete statement of its contents, and further deny that a full, complete, and accurate characterization of the matters contained in the CMA Datavision report is set forth in this paragraph.

100.    Defendants respectfully refer the Court to the October 22, 2008 Morgan Stanley report for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the October 22, 2008 Morgan Stanley report is set forth in this paragraph.

101.    Defendants aver that the closing stock price of Textron on October 26, 2008 is a matter of public record, and no response is therefore required.  Defendants respectfully refer the Court to the Moody's Investor Services report referenced in paragraph 101 for a full and

complete statement of its contents.  Defendants further deny that a full, complete, and accurate characterization of the matters contained in any report from Moody's Investors Service is set forth in this paragraph.

102.   Defendants aver that the closing stock prices of Textron on April 25, 2008 and October 29, 2008 are a matter of public record, and no response is therefore required.

103.   Defendants aver that the closing stock prices of Textron on December 22, 2008 and December 23, 2008 are a matter of public record, and no response is therefore required. Defendants respectfully refer the Court to the December 22, 2008 press release and the Moody's Investors Service report referenced in paragraph 103 for a full and complete statement of their contents.  Defendants further deny that a full, complete, and accurate characterization of the matters contained in the December 22, 2008 press release and any Moody's Investors Service report is set forth in this paragraph.

104.   Defendants aver that the closing stock price of Textron on January 29, 2009 is a matter of public record, and no response is therefore required.  Defendants deny the remaining allegations of Paragraph 104.

105.   The allegations in paragraph 105 are too vague to permit a response, and are therefore denied.

106.   Defendants respectfully refer the Court to the February 9, 2009 Bloomberg News article and the February 4, 2009 MarketWatch.com article for a full and complete statement of their contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the February 9, 2009 Bloomberg News report and the February 4, 2009 Marketwatch.com report is set forth in this paragraph., but admit that Textron drew on its credit line.

107.     Defendants respectfully refer the Court to the February 5, 2009 J.P. Morgan report for a full and complete statement of its contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the February 5, 2009 J.P. Morgan report is set forth in this paragraph.

108.     Defendants respectfully refer the Court to the February 9, 2009 Textron press release and the Wall Street Journal article referenced in paragraph 108 for a full and complete statement of their contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the February 9, 2009 Textron press release and the Wall Street Journal report cited in that paragraph is set forth in this paragraph, but admit that on February 9, 2009, Textron announced the departure of Ted French and that Buell "Jay" Carter had retired.

109.     Defendants respectfully refer the Court to the February 26, 2009 Form 10-K for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the February 26, 2009 Form 10-K is set forth in this paragraph.

110.     Defendants aver that the closing stock prices of Textron on January 29, 2009 and February 26, 2009 is a matter of public record, and no response is therefore required.  Defendants deny the remainder of Paragraph 110.

111.     Defendants respectfully refer the Court to an April 15, 2009 Citigroup analyst report for a full and complete statement of its contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the April 15, 2009 Citigroup analyst report is set forth in this paragraph.

112.     Defendants respectfully refer the Court to the April 28, 2009 Form 8-K and the Providence Business News article dated April 29, 2009 for a full and complete statement of their

15

contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in the Form 8-K or the Providence Business News article is set forth in this paragraph.

113.    Defendants respectfully refer the Court to the May 20, 2009 Providence Business News article for a full and complete statement of its contents.  Defendants deny that a full, complete, and accurate characterization of the matters contained in the May 20, 2009 Providence Business News article is set forth in this paragraph.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants state that paragraph 115 purports to state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants respectfully refer the Court to the purported Moody's, Standard and Poor's, and Fitch reports referenced in paragraph 117 for a full and complete statement of their contents.  Defendants also deny that a full, complete, and accurate characterization of the matters contained in any report from Moody's, Standard and Poor's, and Fitch is set forth in this paragraph.  Defendants  otherwise deny the allegations in paragraph 117.

118.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, except deny that the Altman Z-Score is a commonly accepted, accurate, or reliable measure of a company's financial health generally or in the specific case of Textron.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, except deny that the Altman Z-Score is a commonly

accepted, accurate, or reliable measure of a company's financial health generally or in the specific case of Textron.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, except deny that the Altman Z-Score is a commonly accepted, accurate, or reliable measure of a company's financial health generally or in the specific case of Textron.

121.     Defendants deny the allegations in paragraph 121.

122.     Defendants aver that Textron's closing stock price of Textron is a matter of public record, and no response is therefore required.

123.     Defendants deny the allegations in paragraph 123.

124.     Defendants deny the allegations in paragraph 124.

125.     Defendants deny the allegations in paragraph 125.

126.     Defendants deny the allegations in paragraph 126.

127.     Defendants deny the allegations in paragraph 127.

128.     Paragraph 128 purports to state a legal conclusion, and no response to it is required.

129.     Defendants deny the allegations in paragraph 129.

130.     In response to paragraph 130, Defendants repeat their responses to all the prior paragraphs of the Complaint as if set forth here in full.

131.     Defendants state that paragraph 131 contains no factual allegations and therefore no response is required.  To the extent that paragraph 131 contains any factual allegations, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 131, and the same is therefore denied.

132.    Paragraph 132 purports to state a legal conclusion, and no response to it is required.

133.    Paragraph 133 purports to state a legal conclusion, and no response to it is required.

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants deny the allegations of paragraph 135, except admit that during the purported Class Period, Textron stock was among the Fund investment options.

136.    Defendants deny the allegations of paragraph 136, except admit that they had certain fiduciary obligations under law.

137.    Defendants deny the allegations in paragraph 137.

138.    Defendants deny the allegations in paragraph 138.

139.    Paragraph 139 purports to state a legal conclusion, and no response to it is required.

140.    Paragraph 140 purports to state a legal conclusion, and no response to it is required.

141.    Paragraph 141 purports to state a legal conclusion, and no response to it is required.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny the allegations in paragraph 144.

145.    Defendants deny the allegations in paragraph 145.

146.    Defendants deny the allegations in paragraph 146.

147.    Paragraph 147 purports to state a legal conclusion, and no response to it is required.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants deny the allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants deny the allegations in paragraph 151.

152.    In response to paragraph 152, Defendants repeat their responses to all the prior paragraphs of the Amended Complaint as if set forth here in full.

153.    Defendants state that paragraph 153 contains no factual allegations and therefore no response is required.  To the extent that paragraph 153 contains any factual allegations, these allegations are denied.

154.    Paragraph 154 purports to state a legal conclusion, and no response to it is required.

155.    Paragraph 155 purports to state a legal conclusion, and no response to it is required.

156.    Paragraph 156 purports to state a legal conclusion, and no response to it is required.

157.    Paragraph 157 purports to state a legal conclusion, and no response to it is required.

158.    Defendants deny the allegations in paragraph 158.

159.    Defendants deny the allegations in paragraph 159.

160.    Defendants deny the allegations in paragraph 160.

161.    Defendants deny the allegations in paragraph 161.

162.    In response to paragraph 162, Defendants repeat their responses to all the prior paragraphs of the Complaint as if set forth here in full.

163.    Defendants state that paragraph 163 contains no factual allegations and therefore no response is required.  To the extent that paragraph 163 contains any factual allegations, Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 163, and the same is therefore denied.

164.    Paragraph 164 purports to state a legal conclusion, and no response to it is required.

165.    Paragraph 165 purports to state a legal conclusion, and no response to it is required.

166.    Defendants deny the allegations in paragraph 166.

167.    Defendants deny the allegations in paragraph 167.

Defendants hereby specifically deny any allegations not hereinbefore expressly admitted or denied.

## DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon plaintiffs.  Defendants expressly reserve the right to seek to amend and/or supplement their defenses as may be necessary.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class who plaintiffs purport to represent are barred, in whole or in part, for lack of standing.

**THIRD DEFENSE**

Pursuant to ERISA's 404(c), 29 U.S.C. § 1109(c), Defendants are not liable for any loss suffered by Plaintiffs and/or any members of the class they purport to represent because any such loss was the result of the exercise of control by Plaintiffs and any putative class members over the assets in his or her respective accounts in the Plan.

**FOURTH DEFENSE**

Plaintiffs and members of the class who plaintiffs purport to represent failed to exercise due care with respect to the transactions alleged to form the basis of the claims against Defendants.

**FIFTH DEFENSE**

Plaintiffs' damages, if any, and/or the damages of any members of the class who plaintiffs purport to represent were not caused, in whole or in part, by the alleged conduct of Defendants.

**SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class who plaintiffs purport to represent are barred, in whole or in part, because any losses alleged by plaintiffs were not caused by any breach of fiduciary duty, but rather resulted from economic or other causes not related to the acts of Defendants.

**SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of members of the class that plaintiffs purport to represent are barred, in whole or in part, because neither plaintiffs nor any members of the class that plaintiffs purport to represent reasonably relied on any statement by Defendants.

## **EIGHTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that plaintiffs purport to represent are barred, in whole or in part, because the alleged misrepresentations, omissions, and conduct by Defendants were based on good faith and reasonable reliance upon the work, opinions, information, representations, and advice of others, upon which defendants were entitled to rely.

## **NINTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements, omissions, and conduct alleged with respect to Defendants in the Complaint did not affect, or was publicly known and at all times reflected in, the market price of Textron securities.

WHEREFORE, Defendants respectfully request that the Court grant judgment to Defendants, award costs, disbursements and attorneys' fees to Defendants, and grant such other and further relief that the Court deems just and proper.

Dated:  December 19, 2011

    /s/   William J. Kilberg
William J. Kilberg, P.C., *pro hac vice*
Paul Blankenstein, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Mitchell A. Karlan, *pro hac vice*
Brian M. Lutz, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035


  /s/  John A. Tarantino
John A. Tarantino (#2586)
jtarantino@apslaw.com
Patricia K. Rocha (#2793)
procha@apslaw.com
Nicole J. (Dulude) Benjamin (#7540)
nbenjamin@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Telephone: (401) 274-7200
Facsimile: (401) 351-4607

*Attorneys for all Defendants*

## Certificate of Service

I certify that a true copy of the foregoing was served electronically via the CM/ECF system on all counsel of record on this 19th day of December, 2011.

  /s/  John A. Tarantino

23