**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Action No. 09-383-ML<br>(Consolidated Actions) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Textron Savings Plan (the "Plan").

The terms of the settlement are set out in the Class Action Settlement Agreement ("Settlement Agreement") dated August 14, 2013 (the "Settlement"), executed by counsel on behalf of the Plaintiffs and the Defendants.[1]

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1. **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

(a) The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(1), that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(2), that there are one or more questions of fact and/or law common to the Settlement Class.

(c) The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(3), that the claims of the Plaintiffs are typical of the claims of the Settlement Class.

(d) The Court preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e) The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(b)(1), that the prosecution of separate actions by individual members of the

Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions and (iii) have committed the necessary resources to represent the Settlement Class.

2. **Class Certification** – The Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) (the "Settlement Class"):

> All Persons who were participants in or beneficiaries of the Textron Savings Plan (the "Plan") at any time between July 17, 2007 and December 31, 2011 (the "Class Period"), and whose accounts included investments in the Textron Stock Fund. Excluded are Defendants and their Immediate Family Members, any entity in which a Defendant has a controlling interest, and their heirs, Successors-in-Interest, or assigns (in their capacities as heirs, Successors-in-Interest, or assigns).

The Court appoints the Plaintiffs Alma I. Perez, Adrienne Harrington-Wheatley, Diana Leach, and Holly Sheets as representatives for the Settlement Class and Milberg LLP as counsel for the Settlement Class. Any certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that

3

(except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule.

3. **Preliminary Findings Regarding Proposed *Settlement*** – The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, including mediation, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4. *Fairness Hearing* – A hearing is scheduled for **January 24, 2014 at 11 a.m.** (the "Fairness Hearing"*)* to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;
- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Plaintiffs are fair and reasonable and should be approved.

5. *Class Notice* – The Court hereby approves the selection of Gilardi & Co. LLC as the Settlement Administrator.

6. The Plaintiffs have presented to the Court a proposed form of Mail Notice, appended hereto as Exhibit A, Long-Form Notice, appended hereto as Exhibit B, and Summary Notice, appended hereto as Exhibit C.

7. The Court hereby approves, as to form and content, the Mail Notice, the Long-Form Notice, and the Summary Notice.

8. The Court finds that such forms fairly and adequately: (a) describes the terms and effect of the Settlement and the Plan of Allocation, (b) notifies the Settlement Class that Plaintiffs' Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards up to $10,000 for each of the Plaintiffs for their service in such capacity, (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (d) describes how the recipients of the Notice and Summary Notice may object to any of the relief requested. The Plaintiffs have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is (i) the best notice practicable under the circumstances, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all

persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.  Accordingly, the Court directs that:

- Within two (2) weeks/fourteen (14) days after entry of this Order, Textron shall provide the Settlement Administrator, in an electronic format requested by the Settlement Administrator, the names and last known addresses of the Settlement Class members and Textron shall timely respond to any reasonable written requests for accessible data in Textron or the Plan trustee's/record keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein).  The names and addresses that Class Counsel and the Settlement Administrator obtain pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

- Within four (4) weeks/twenty-eight (28) days after entry of this Order, the Settlement Administrator will (a) cause the Mail Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort, and (b) post the Long-Form Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, the Settlement Agreement and its Exhibits, and this Order on the settlement website, which shall be accessible to the public.

- Within six (6) weeks/forty-two (42) days after entry of this Order, the Settlement Administrator will cause the Summary Notice, with such non-substantive

modifications thereto as may be agreed upon by the Parties, to be transmitted over *PR Newswire*.

9. At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

10. *Notice* **Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

11. **Objections to** *Settlement* – The Court will consider written comments and/or objections to the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Awards for the Plaintiffs only if such written comments or objections are filed with the Court Clerk on or before fourteen (14) weeks/ninety-eight (98) days after entry of this Order, comply with the requirements of Paragraph 12 below, and are served on the Parties at the following addresses:

For Filing with the *Court*:

Clerk of the U.S. District Court for the District of Rhode Island
Federal Building and United States Courthouse
One Exchange Terrace
Providence, RI 02903-1270
Re:  *In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML

To *Class Counsel:*

Arvind B. Khurana, Esq.
**MILBERG LLP**
One Penn Plaza
New York, NY 10119-0165

To *Defendants' Counsel:*

Paul Blankenstein, Esq.
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

12. The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class member and are timely filed with the Court and include all of the following: (a) the name of the Action; (b) the Settlement Class member's full name, address, telephone number, and signature; (c) a statement that the writer is a Settlement Class member and an explanation of the basis upon which the writer claims to be a Settlement Class member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel, (e) a statement as to whether the Settlement Class member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection.  Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.  Class Counsel and Defendants' Counsel may, at their own expense, take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

13. **Appearance at *Fairness Hearing*** – Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense.  Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class member (and, if applicable, the name, address, and telephone number of that Settlement Class member's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than fourteen (14)

weeks/ninety-eight (98) days after entry of this Order. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or that Settlement Class member's counsel.

14. **Report of Independent Fiduciary** – The report of any Independent Fiduciary retained to review the Settlement shall be filed with the Court at least two (2) weeks/fourteen (14) days before the deadline for Settlement Class members to file and serve objections to the Settlement.

15. **Papers in Support of Settlement, Plan of Allocation, Attorneys' Fees and Expenses, and Case Contribution Awards** – Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's applications for attorneys' fees, expenses, and case contribution awards at least three (3) weeks/twenty-one (21) days before the deadline for Settlement Class members to file and serve objections to the Settlement. The Parties may submit papers in response to any timely-filed objections and/or to the report of the Independent Fiduciary at any time before the Fairness Hearing.

16. **Service of Papers** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17. **Termination of *Settlement*** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties executed the Settlement

Agreement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

18.     **Use of Order** – This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

19.     **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

20. **Continuance of Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this **21st** day of **August**, **2013**.

*/s/Mary M. Lisi*
MARY M. LISI
CHIEF UNITED STATES DISTRICT JUDGE