**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| IN RE TEXTRON, INC. ERISA LITIGATION | Civil Action No. 09-383-ML<br>Consolidated Actions |
|---|---|

**DECLARATION OF NASHIRA WASHINGTON RE: DISSEMINATION OF NOTICE**

I, Nashira Washington, declare:

1. I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Mail Notice postcard, the posting of the Notice of Class Action Settlement (the "Long-Form Notice") and other case documents to the settlement website at ***www.gilardi.com/TextronERISASettlement***, establishing a toll-free telephone number, and the publication of the Summary Notice. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am employed by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was retained as the Settlement Administrator in this matter. I oversaw the notice services Gilardi provided in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement, (the "Preliminary Approval Order"), dated August 21, 2013, entered by the Court. A true and correct copy of the Mail Notice postcard and the Long-Form Notice are attached hereto as Exhibit A and Exhibit B, respectively. The Notices are substantially in the forms approved by the Court in the Preliminary Approval Order.

**MAILING OF NOTICE**

3. The Settlement Class in this matter is defined as persons who were participants in or beneficiaries of the Textron Savings Plan (the "Plan") and whose individual accounts included investments in the Textron ERISA Stock Fund at any time between July 17, 2007 and December 31, 2011 ("Settlement Class Members"). Beginning in April of 2013, Gilardi received files from Gibson, Dunn & Crutcher LLP ("Defendants' Counsel") containing the necessary transactional information to perform preliminary calculations regarding the eligibility of Settlement Class Members. That data did not provide names or addresses for Settlement Class Members, but did include unique identifiers for individual participants' records.

4. On September 3, 2013, Gilardi received from Defendants' Counsel a name and address file to be used to send Mail Notice postcards to Settlement Class Members. Defendants' Counsel indicated that the files provided represented all of the Settlement Class Members. The files contained only names and addresses, and unlike previous data that had been provided, there was no unique identifier for each individual participant assigned to the records.

5. On September 5, 2013, Gilardi requested Defendants' Counsel to provide control totals for the name and address data as a quality and data integrity control measure. Gilardi also asked that the unique identifier for each individual participant be integrated into the name and address data to assist in comparing the number of Plan participants in the name and address data to the existing transactional information previously used for preliminary calculations, and to confirm that it was the correct set of Plan participants.

6. On September 10, 2013, Gilardi notified Defendants' Counsel of a discrepancy between the number of Plan participants in the transactional information and in the name and address data. Gilardi, at the direction of Class Counsel, had completed preliminary allocation calculations using the transactional information from paragraph 3 above and had

identified approximately 50,000 Plan participants. The name and address data from paragraph 4 above included approximately 34,000 participants. Gilardi again contacted Defendants' Counsel and requested that the unique identifier included in the transactional information be integrated into the name and address data no later than September 11, 2013 in order to comply with the Court-ordered Mail Notice date. No unique identifier was received prior to the Mail Notice date.

7. In order to comply with the Court-ordered Mail Notice date, Gilardi proceeded to extract from the existing file a list of names and addresses of possible Settlement Class Members. Gilardi processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service ("USPS"), and formatted the list for mailing purposes, resulting in a usable mailing list of 34,461 names and addresses.

8. On September 17, 2013, Gilardi caused the name and address information to be affixed to the approved Mail Notice postcard. Gilardi thereafter caused all of the Mail Notice postcards to be posted for first-class mail and delivered to the United States Post Office located in Santa Rosa, California. A total of 34,461 Mail Notice postcards were mailed to Settlement Class Members.

9. On September 27, 2013, Gilardi received an additional file of names and addresses from Defendants' Counsel. Defendants' Counsel indicated that Settlement Class Member names and addresses had been dropped from the name and address file previously provided on September 3, 2013. In addition to the new names and addresses, the September 27th file contained all names and addresses from the September 3rd file referenced in paragraph 4, with the unique identifier for each individual participant incorporated for each record. Gilardi compared the unique identifiers contained in the additional name and address file to those

contained in the transactional information file, and confirmed that the same number of records were present in the name and address and in the transactional information files. The unique identifiers were also the same across the name and address file and the transactional information files. Gilardi then processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service ("USPS"), and formatted the list for mailing purposes, resulting in an usable mailing list of 23,748 additional names and addresses extracted from the data file Defendants' Counsel provided. The Mail Notice postcards are scheduled to be sent to these additional 23,748 names and addresses on November 8, 2013.

10. Gilardi has received 1,072 Mail Notice postcards returned by the USPS with undeliverable addresses. Gilardi has obtained updated addresses through a third-party locator service for 413 of those undeliverable pieces. Gilardi promptly re-mailed the Mail Notice postcards to those updated addresses. Gilardi will continue to promptly re-mail Mail Notice postcards to any additional updated addresses that are obtained.

**THE SETTLEMENT WEBSITE**

11. On or about September 18, 2013, Gilardi also caused copies of the Long-Form Notice, the Preliminary Approval Order, the Class Action Settlement Agreement dated August 14, 2013, and the Plan of Allocation to be posted to the settlement website at ***www.gilardi.com/TextronERISASettlement***. Gilardi will also cause copies of Plaintiffs' Counsel's applications for attorneys' fees, expenses, and case contribution awards to the settlement website after those documents are filed and before the objection deadline.

**THE TOLL-FREE TELEPHONE NUMBER**

12. Gilardi also maintains a toll-free number, 1-888-270-0711, for telephone inquiries. Callers can speak with a live operator. The calls received go into a queue and are

answered as soon as possible, depending on call volume with a possible wait of 2 to 5 minutes. The caller has the option to leave a message and all calls are returned by the end of business the day received. This toll-free number has been operating since September 18, 2013.

**PUBLICATION OF THE SUMMARY NOTICE**

13. In accordance with paragraph 8 of the Preliminary Approval Order, Gilardi caused the Summary Notice to be transmitted over *PRNewswire* on September 30, 2013, as shown in the confirmation attached hereto as Exhibit C. The Summary Notice is substantially in the form approved by the Court in the Preliminary Approval Order.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed this 5th day of November 2013, at San Rafael, California.

NASHIRA WASHINGTON

# EXHIBIT A

Textron ERISA Litigation Settlement
Settlement Administrator
P.O. Box 8040
San Rafael, CA 94912-8040

Presorted
First-Class Mail
US Postage
**PAID**
Gilardi & Co

**If your Textron Savings Plan account included investments in the Textron Stock Fund between July 17, 2007 and December 31, 2011, you could be entitled to a payment under a proposed class action settlement.**

***THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.***

This is an official court notice from the United States District Court for the District of Rhode Island
*In re Textron, Inc. ERISA Litigation*,
Civil Action No. 09-383-ML

**TXNERISA**

***This notice has been delivered to you to notify you of a proposed $4.375 million cash settlement of an ERISA class action.***

Textron's records show that you are or were a participant in the Textron Savings Plan (the "Plan") and that your Plan account held investments in the Textron Stock Fund between July 17, 2007 and December 31, 2011. As a result, you may be entitled to a payment pursuant to a proposed class action settlement in *In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML (D.R.I.).

In this case, the plaintiffs claim that Textron and certain other individuals and entities (collectively the "Defendants") breached their fiduciary duties owed to the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with their administration of the Plan by continuing the Plan's investment in the Textron Stock Fund when Defendants knew or should have known that Textron Stock was an imprudent investment option for the Plan. The Defendants deny any and all wrongdoing and have asserted many defenses, but the parties have reached agreement to settle the dispute and the proposed settlement is under review by the Court. As part of the proposed settlement, qualified class members who show a loss under the proposed Plan of Allocation will receive payments to their existing accounts in the Plan. (Checks will be sent to those who no longer have a Plan account.) ***You do not need to do anything to receive a payment under the settlement but your rights will be affected. The settlement includes a release of claims related to the administration of the Plan, the selection of investment options under the Plan, and disclosures about those investment options.***

The Court will hold a hearing on ***January 24, 2014***, at ***11:00 a.m.*** to consider whether to approve the settlement, the proposed Plan of Allocation, plaintiffs' counsel's application for up to 30% of the settlement fund in attorneys' fees and approximately $195,000 in expenses, and case contribution awards for each of the four named plaintiffs not to exceed $10,000 each. YOU CANNOT EXCLUDE YOURSELF FROM THE SETTLEMENT. You can, however, file written comments or objections with the Court and appear and speak at the hearing at your own expense. To do so, your must submit your comments no later than ***November 27, 2013***. Detailed instructions can be found on the court's website, ***www.rid.uscourts.gov***, and on the settlement website at ***www.gilardi.com/TextronERISASettlement***, where you can also obtain a more detailed notice about the terms of the settlement and how the payments will be calculated, as well as the settlement agreement and related materials. Additional information, including plaintiffs' counsel's application for attorneys' fees, will be posted on the court website and the settlement website as they are filed with the Court. You may also write to *Textron ERISA Litigation Settlement*, P.O. Box 8040, San Rafael, CA 94912-8040 to request copies of these materials. This notice is only a summary.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Action No. 09-383-ML<br>(Consolidated Actions) |

**NOTICE OF CLASS ACTION SETTLEMENT**

To all members of the following class:

*All persons who were participants in or beneficiaries of the Textron Savings Plan (the "Plan") at any time between July 17, 2007 and December 31, 2011 (the "Class Period"), and whose accounts included investments in the Textron Stock Fund (the "Settlement Class").*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION.**

- If you are a member of the Settlement Class, your legal rights will be affected by a proposed settlement in a class action lawsuit entitled *In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML, in the United States District Court for the District of Rhode Island (the "Action").
- The Settlement resolves a class action lawsuit over whether Textron and other entities and certain individuals alleged to be current or former fiduciaries of the Plan breached their fiduciary duties by violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") with respect to the Plan's investment of assets in the stock of Textron.
- The proposed Settlement will result in the creation of a $4.375 million settlement fund.
- The Court has scheduled a hearing on January 24, 2014 to consider whether to approve the Settlement and certain other related matters. If approved, the Settlement would result in payments to qualifying members of the Settlement Class. *See* Question 11 below.
- This Notice is intended to provide information about how this lawsuit and the proposed Settlement may affect your rights and what steps you may take in that regard. This Notice does not express the Court's opinion on the merits of the claims or the defenses asserted in the lawsuit.
- If the Settlement is approved, your legal rights will be affected whether you act or not. Please read this Notice carefully.

| ***YOUR LEGAL RIGHTS AND OPTIONS*** | |
|---|---|
| **DO NOTHING** | You do not need to do anything in response to this Notice. If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive whatever payment you may be entitled to under the settlement without having to file a claim or take any other action. |
| **FILE AN OBJECTION** | If you want to submit comments or objections to the any aspect of the Settlement, you may write to the Court and the parties' attorneys. *See* Question 16 below. |
| **GO TO A HEARING** | If you submit comments or objections to the Settlement to the Court, you and/or your attorney may appear at the hearing and ask to speak to the Court. *See* Question 19 below. |

- These rights and options – **and the deadlines you must comply with to exercise them** – are explained in detail in this Notice.
- The Court will decide whether to approve the settlement. Payments to Settlement Class Members will be made only if the Court approves the settlement and only after any appeals are resolved and calculations under the Plan of Allocation are completed. Please be patient.

## GENERAL INFORMATION

### 1. Why did I get this notice?

This Notice provides a summary of a class action lawsuit, the terms of a proposed Settlement of that lawsuit, and the ways in which that settlement will affect the legal rights of those individuals who are members of the Settlement Class.

You are receiving this Notice because you are a potential member of the Settlement Class. This means that you or someone in your family is or was a participant in the Textron Savings Plan (the "Plan") at any time between July 17, 2007 and December 31, 2011 (the "Class Period") whose account(s) included investments in the Textron Stock Fund.

The Court directed that this Notice be posted because potential members of the Settlement Class have a right to know about the proposed Settlement of this lawsuit, and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, the net settlement proceeds will be distributed pursuant to a Court-approved "Plan of Allocation."

### 2. What is this lawsuit about?

This class action lawsuit is called *In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML (the "Action"). It is pending in the United States District Court for the District of Rhode Island before Chief Judge Mary M. Lisi.

The people who brought the lawsuit are called plaintiffs. The Plaintiffs in this case are Alma I. Perez, Adrienne Harrington-Wheatley, Diana Leach, and Holly Sheets. For purposes of the proposed settlement, they have been appointed to represent the Settlement Class.

The people and entities the plaintiffs sued are called defendants. In this case, Textron, the Plan Administrator and certain officers of Textron who were on the Investment Committee for the Plan, are the Defendants.

The Action claims that the Defendants were fiduciaries of the Plan and violated fiduciary duties of loyalty, care and prudence under ERISA that they owed to participants in the Plan regarding the Plan's investment of assets in the stock of Textron. In the complaint, Plaintiffs asserted causes of action for the losses they allege were suffered by the Plan as the result of the alleged breaches of fiduciary duty by the Defendants.

Participants in the Plan were able to allocate their account balances among various investment funds. The investment funds included a fund invested in Textron common stock ("Textron Stock Fund"). This Action involves only investments in the Textron Stock Fund.

The case has been litigated for several years. The Consolidated Class Action Complaint was filed on February 2, 2010. The Consolidated Class Action Complaint asserts claims under ERISA for breaches of fiduciary duties by Defendants for failing to prudently and loyally manage the Plan and the Plan's assets (Count I) and by Textron for failing to adequately monitor fiduciaries and provide them with accurate information (Count II) and also alleges co-fiduciary liability against all the Defendants. By this Action, Plaintiffs seek to recover the alleged losses for the Plan, as well as equitable, injunctive and other monetary relief, including attorneys' fees. The Defendants have denied breaching any fiduciary duty, violation of ERISA, or any other wrongdoing.

On March 19, 2010, Defendants moved to dismiss plaintiffs' claims on the grounds that plaintiffs failed to state a viable legal claim. While the motion was pending, due to a congestion of cases at the District of Rhode Island, the case was temporarily transferred to Judge Barbadoro in the District of New Hampshire. Judge Barbadoro ruled that plaintiffs had adequately pleaded claims for breach of fiduciary duties of loyalty and prudence, including the failure to disclose material information concerning Textron's financial condition, failure to properly appoint, monitor and inform the fiduciary appointees, and co-fiduciary liability based on those breaches. *See In re Textron, Inc. ERISA Litig.*, No. 09-00383, 2011 U.S. Dist. LEXIS 100209 (D.R.I. Sept. 6, 2011). Judge Barbadoro granted Defendants' motion to dismiss with respect to Plaintiffs' affirmative misrepresentation claim.

On September 20, 2011, Defendants moved for reconsideration of the September 6, 2011 Order with respect to Plaintiffs' claims for failure to disclose, however, Judge Barbadoro denied the motion. On October 20, 2011, the case was transferred back to Judge Lisi. On October 21, 2011, Defendants filed a renewed motion for reconsideration, which Judge Lisi denied in December 2011. Discovery commenced in December 2011.

On February 29, 2012, Plaintiffs moved for class certification pursuant to Federal Rule of Civil Procedure 23. This motion was pending when the parties entered into mediation resulting in the Settlement.

Plaintiffs' Counsel have conducted an extensive investigation of the allegations in the Action and of the losses suffered by the Plan. In addition, through that investigation and through discovery of information in the Action, Plaintiffs' Counsel have obtained and reviewed 2.1 million pages of documents from Defendants, including Plan governing documents and materials, communications with Plan participants, internal Textron documents regarding the Plan, SEC filings, press

releases, public statements, news articles and other publications, and other documents regarding the underlying corporate issues that the Plaintiffs allege made investment of the Plan's assets in the Textron Stock Fund imprudent.

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' Counsel, with the assistance of an experienced mediator. Throughout the negotiations, Plaintiffs' Counsel and Defendants' Counsel were advised by individuals with expertise in the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

Textron and the other Defendants deny the claims in the Action and have vigorously defended the litigation. The Defendants have expressly denied any wrongdoing or liability of any kind.

Plaintiffs do not concede in settling this Action that their claims lack merit.

| 3. Why is the Action a class action? |
|---|

In a class action, one or more people called class representatives (in this case Plaintiffs Alma I. Perez, Adrienne Harrington-Wheatley, Diana Leach, and Holly Sheets), sue on behalf of other people who have similar claims. All of the people who have similar claims make up a "class" and are referred to individually as "class members". Bringing a lawsuit as a class action allows the court to consider and resolve all at once many similar individual claims that might be economically too small to bring individually. The Action at issue here alleges wrongful conduct that affects a large group of people in a similar way. Accordingly, the Plaintiffs filed this action as a class action.

| 4. Why is there a Settlement? |
|---|

By agreeing to a settlement, both sides avoid the risks and costs of a trial, and the Settlement Class will benefit from the creation of a $4.375 million settlement fund. *See* Question 9 below. The terms of the proposed settlement will be reviewed by the Court.

The Plaintiffs and their attorneys, who are referred to in this Notice as "Plaintiffs' Counsel," think the settlement is fair, reasonable, and adequate. They also believe that the significant monetary benefits of the proposed Settlement are a good result for the Settlement Class – especially given the disputed issues of law and fact, and the likelihood that litigation would continue for many more years, and the possibility that Plaintiffs and the proposed class might recover nothing after all that.

| 5. How do I know if I am affected by the Settlement? |
|---|

Any person who was a participant in or beneficiary of the Textron Savings Plan (the "Plan") at any time between July 17, 2007 and December 31, 2011 (the "Class Period") and whose accounts included investments in the Textron Stock Fund is a Settlement Class Member.

| 6. Are any Plan participants excluded from the Settlement Class? |
|---|

Yes. Excluded from the Settlement Class are Defendants and their Immediate Family Members, any entity in which a Defendant has a controlling interest, and their heirs, Successors-in-Interest, or assigns (in their capacities as heirs, Successors-in-Interest, or assigns). Additionally, Plan participants who did not hold an investment in the Textron Stock Fund at some time between July 17, 2007 and December 31, 2011 are not members of the Settlement Class.

| 7. What if I am still not sure if I am included? |
|---|

If you are still not sure whether you are a member of the Settlement Class, you can consult with an attorney of your own choosing or you can call 1-888-270-0711 or visit the website set up by the Settlement Administrator at ***www.gilardi.com/TextronERISASettlement*** or visit ***www.rid.uscourts.gov*** for more information. Please do not call the Court or Textron.

| 8. Can I exclude myself from the Settlement Class? |
|---|

No. You will be bound by any judgments or orders that are entered in the Action, whether favorable or unfavorable.

## THE SETTLEMENT BENEFITS

| 9. What does the proposed Settlement provide? |
|---|

As part of the proposed Settlement, Defendants have agreed to create an $4.375 million settlement fund. After payment of the costs associated with administering the settlement fund, associated taxes, any award to Plaintiffs' Counsel for attorneys' fees and expenses, and any awards to the Settlement Class Representatives for their contributions to the Action, as decided by the Court, the balance of the Settlement Fund will be distributed to qualifying Settlement Class Members in accordance with a Court-approved "Plan of Allocation." The proposed Plan of Allocation is discussed in Question 11 below.

## 10. How do I get a payment?

You do **not** need to file a claim or take any other action to receive a payment in connection with the proposed Settlement. All necessary calculations will be made using the Plan's records.

If you are a Settlement Class Member who is a current Plan participant, your share will be deposited into your existing Plan account and allocated in accordance with your existing investment elections. You may reallocate their settlement payment if and as permitted by the Plan.

If you are a Settlement Class Member who liquidated your Plan account before the "Effective Date" of the proposed settlement and you qualify to receive a share of the Settlement Fund under the proposed Plan of Allocation (see Question 11 below), your share will be distributed via check to the address the Mail Notice was mailed to. If you liquidated your Plan account before the Effective Date and your address has changed from the address to which the Mail Notice was directed, you must notify the Settlement Administrator of your new address as soon as possible. Failure to keep the Settlement Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive.

All payments to eligible Settlement Class Members will be made as promptly as possible after all costs, taxes and other required disbursements are taken out of the Settlement Fund and the balance is transferred to the Plan to be deposited in existing Plan accounts and checks are sent by the Settlement Administrator to eligible Settlement Class Members who no longer have Plan accounts. Please be patient.

If any of the following applies to you, please contact the Settlement Administrator as soon as possible: (1) your status as a current Plan participant has recently changed or may change in the near future; (2) your mailing address has recently changed or may change in the near future; or (3) you did not receive a mailed notice of the proposed Settlement but believe that you are a Settlement Class Member. The Settlement Administrator can be contacted at: Textron ERISA Litigation Settlement, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040.

## 11. How much will my payment be?

Your share of the settlement fund will be calculated as part of the implementation of the Settlement pursuant to a Court-approved Plan of Allocation summarized herein and available at ***www.gilardi.com/TextronERISASettlement*** and at ***www.rid.uscourts.gov***. The amount of your payment, if any, will depend on the amount of your "Net Market Loss," as calculated pursuant to the Plan of Allocation, and how that amount compares to the Net Market Losses of the other qualifying Settlement Class Members. Whether you have a Net Market Loss under the Plan of Allocation depends on whether and when you bought and/or sold shares of the Textron Stock Fund between July 17, 2007 and December 31, 2011. You are not responsible for calculating the amount you may be entitled to receive under the proposed Settlement. This calculation will be done by the Settlement Administrator as part of the implementation of the Settlement.

The summary below is not intended to be either an estimate of the amount that a qualifying Settlement Class Members might have been able to recover from Defendants after a trial of the Action. Given the factors above, and because the Court may require changes to the proposed Plan of Allocation before the Settlement is approved, it is also not intended to be an estimate of the amount that will be paid to qualifying Settlement Class Members pursuant to the Settlement if the Settlement is approved by the Court.

**Summary of the Proposed Plan of Allocation**

The formula summarized below is the proposed basis upon which the balance of the Settlement Fund (after payment of costs, taxes, attorneys' fees and expenses) will be proportionately allocated to qualifying Settlement Class Members. Your payment, if any, will be equal to your proportionate share of the total Net Market Losses of all qualifying Settlement Class Members multiplied by the Net Settlement Fund (subject to certain limitations, also described below). Your payment will be calculated as follows:

The Settlement Administrator shall determine each Settlement Class Member's Net Market Loss. The Net Market Loss for each Settlement Class Member = A + B – C – D, where:

A = the dollar value of his or her investment in the Fund at the opening of trading on July 17, 2007;

B = the dollar value of his or her new investments in the Fund during the period between July 17, 2007 and December 31, 2011, valued at the time of transaction;

C = the dollar value of his or her dispositions of shares in the Fund during the period between July 17, 2007 and December 31, 2011, valued at the time of transaction; and

D = the dollar value of his or her investment in the Fund at the close of trading on December 31, 2011.

To the extent a Settlement Class Member has a zero Net Market Loss, or a market gain, the total Net Market Loss will be $0.00.

The Settlement Administrator shall determine each Settlement Class Member's Preliminary Individual Dollar Recovery. The sum of all Settlement Class Members' total Net Market Losses is the loss of the Plan as a whole over the Class Period (the "Plan's Net Market Loss"). The ratio of each Settlement Class Member's total Net Market Loss to the Plan's Net Market Loss equals his or her Net Market Loss Percentage. Each Settlement Class Member's Preliminary Individual Dollar Recovery equals the product of his or her Net Market Loss Percentage and the Net Settlement Fund.

The Settlement Administrator shall then identify all Former Plan Participants whose Preliminary Individual Dollar Recovery is less than or equal to $10.00 (the "*De Minimis* Amount"), who shall be deemed to have a Final Individual Dollar Recovery of $0.00.[1]

The Settlement Administrator shall then recalculate the Net Market Loss Percentages of the remaining Settlement Class Members by omitting from the calculation of the Plan's Net Market Loss the total Net Market Losses of all Former Plan Participants whose Preliminary Individual Dollar Recoveries are equal to or less than the *De Minimis* Amount. Each remaining Settlement Class Member's Final Individual Dollar Recovery equals the product of his or her Net Market Loss Percentage and the Net Settlement Fund.

The foregoing is subject to applicable Plan provisions and procedures regarding inactive accounts, participants who cannot be located, deceased participants and Qualified Domestic Relations Orders.

## 12. When would I get my payment?

The Court has scheduled a hearing on **January 24, 2014** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time to make all the required calculations. For these reasons, a payment date cannot be provided at this stage. Please be patient. If for any reason the Settlement is terminated, there will be no payments.

## 13. What am I giving up in exchange for the settlement payment?

Upon the "Effective Date" of the Settlement, all Settlement Class Members will release and forever discharge, and be forever enjoined from prosecuting, any "Released Plaintiffs' Claims" (as defined below) against any of the "Released Parties" (as defined below).

"Released Plaintiffs' Claims" is defined in the proposed settlement agreement to mean any and all claims, demands, rights, liabilities, and causes of action of every nature or description whatsoever, fixed or contingent, known or unknown, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, asserted or that might or could have been asserted in any forum (i) by Plaintiffs individually, (ii) by Plaintiffs on behalf of the Plan or by its participants, fiduciaries, or beneficiaries , (iii) by the Settlement Class, and (iv) by the Plan itself or by any participant, fiduciary, or beneficiary in or of the Plan on behalf of the Plan, against any or all of the Released Parties arising out of or relating to the subject matter, allegations, transactions, facts, matters, events, acts, disclosures, statements, omissions, failures to act, occurrences, or representations set forth, or referred to, in the Complaint filed in the Action, or which could have been referred to in connection with alleging violations of ERISA with respect to the Plan's offering or holding of Company Stock during the Class Period, including, but not limited to the offering or retaining of the Textron Stock Fund as an investment option, or the investment, acquisition, retention, or disposition of the Textron Stock Fund (or the exercise of any right ancillary or appurtenant to ownership of the Textron Stock Fund) under the Plan, or at a participant's or beneficiary's direction by or through the Plan, during the Class Period, and any claims that would be barred by principles of res judicata had the claims asserted in the Complaint filed in the Action been fully litigated and resulted in a Final judgment or order in favor of Defendants.

"Released Parties" is defined in the proposed settlement agreement to mean each of the Defendants and each of the Defendant's respective past, present, and future directors, officers, fiduciaries, employees, partners, principals, agents, members, independent contractors, registered representatives, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, investment bankers, advisors, consultants, trustees, investment managers, fiduciaries, committee members, personal representatives, predecessors, service providers, successors, Successors-in-Interest, parents, subsidiaries, divisions, assigns, spouses, heirs, executors, administrators, associates, related or Affiliated entities, and Immediate Family Members.

The "Effective Date" will occur when the order entered by the Court approving the settlement becomes Final and not subject to appeal.

---

[1] Subject to Court approval, the parties may agree to modify the *De Minimis Amount* at any time before entry of the Final Order based on information they may receive from the Plan's recordkeepers, the Trustee and/or the Settlement Administrator.

The above definitions include certain other terms that are separately defined in the proposed settlement agreement but are not reproduced here. For more information, please see the Class Action Settlement Agreement dated August 14, 2013, available on the settlement website at ***www.gilardi.com/TextronERISASettlement*** and at **www.rid.uscourts.gov**.

**THE LAWYERS REPRESENTING YOU**

| 14. Do I have a lawyer in this case? |
|---|

In its order directing distribution of notice to the Settlement Class Members and scheduling the final settlement hearing, the Court appointed the law firm of Milberg LLP in New York, NY to represent the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own attorney, you may hire one at your own expense.

| 15. How will the lawyers be paid? |
|---|

The Court will determine the amount of any award to Plaintiffs' Counsel, to compensate them for their work on the Action and to reimburse them for associated expenses. Plaintiffs' Counsel intend to ask the Court to award them up to 30% of the settlement fund in attorneys' fees, plus reimbursement of approximately $195,000 in expenses, plus interest. Any award by the Court will be paid out of the settlement fund. You are ***not*** responsible for paying Plaintiffs' Counsel.

Plaintiffs' Counsel also intend to ask the Court to award case contribution awards of up to $10,000 each for the Settlement Class Representatives for their contributions to the prosecution and settlement of the Action. Any such awards will be paid out of the settlement amount.

Copies of Plaintiffs' Counsel's applications for attorneys' fees, expenses, and case contribution awards will be available on the settlement website at ***www.gilardi.com/TextronERISASettlement and at*** **www.rid.uscourts.gov** before the objection deadline.

**OBJECTING TO THE SETTLEMENT**

**You can tell the Court that you do not agree with the settlement or some part of it.**

| 16. How do I tell the Court that I do not like the proposed Settlement? |
|---|

If you are a Settlement Class Member, you can tell the Court that you do not agree with the proposed Settlement or some part of it, including the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and/or the request for case contribution awards.

To object, you must send a letter or other writing stating that you object to the settlement in *In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML. Be sure to include the following: (i) the name of the Action; (ii) the case number; (iii) your full name, address, telephone number, and signature; (iv) a statement that you are a Settlement Class Member; (v) all grounds for your objection, accompanied by any legal support known to you or your counsel; (vi) a statement as to whether you or your counsel intends to appear and would like to speak at the hearing; and (vii) a list of any persons you or your counsel may call to testify at the hearing in support of your objection. **Your objection must be submitted to the Court and sent to all the following counsel at the following addresses on or before November 27, 2013**:

**TO THE COURT:**

Clerk of the Court
United States District Court for the District of Rhode Island
Federal Building and United States Courthouse
One Exchange Terrace
Providence, RI 02903-1270
Re: ERISA Civil Action No. 09-383-ML

**TO CLASS COUNSEL:**

Arvind B. Khurana
Milberg LLP
One Penn Plaza
New York, NY 10119-0165

**TO DEFENDANTS' COUNSEL:**

Paul Blankenstein
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

**YOU DO NOT NEED TO GO TO THE HEARING TO HAVE YOUR WRITTEN OBJECTION CONSIDERED BY THE COURT.** If you do file an objection with the Court, however, you may appear in person or arrange, at your expense, for a lawyer to represent you at the hearing in accordance with the instructions at Question 19 below. If you intend to appear at the hearing, or have an attorney appear on your behalf, please confirm with Class Counsel that the time and date of the

hearing have not changed. If you do file an objection, you may be subject to discovery by the parties to the Action on the issues related to your objection, including having your deposition taken.

## THE COURT'S FAIRNESS HEARING

### 17. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a hearing to decide whether to approve the proposed Settlement. This hearing is called a "Fairness Hearing." The Fairness Hearing is scheduled to take place at **11:00 a.m.** on **January 24, 2014**, at the United States District Court for the District of Rhode Island, Federal Building and United States Courthouse, One Exchange Terrace, Providence, RI 02903-1270, in Courtroom 1 before Chief Judge Mary M. Lisi. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. The Court will also consider the proposed Plan of Allocation and the applications for attorneys' fees, expenses and case contribution awards. The Court will take into consideration any written objections filed in accordance with the instructions at Question 16. The Court will also allow any person who has objected and timely filed a Notice of Appearance to speak at the Fairness Hearing. After the Fairness Hearing, the Court will decide whether to approve the settlement and whether to award any attorneys' fees, expenses and/or case contribution awards. We do not know how long these decisions will take.

The Court may change the date and time of the Fairness Hearing. If that happens, the Court will note it at ***www.rid.uscourts.gov*** and Settlement Administrator will post the new date and time for the Fairness Hearing on the settlement website at ***www.gilardi.com/TextronERISASettlement*** and will notify any Settlement Class Members who have filed objections to the proposed settlement *as of that date*, but will not notify any other Settlement Class Members, including those who file objections after the Fairness Hearing is rescheduled. Accordingly, if you submit an objection to the Court and you or your counsel intends to attend the Fairness Hearing, please be sure to check the settlement website regularly to confirm the date and time.

### 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have about the proposed Settlement, the proposed Plan of Allocation and the applications for attorneys' fees, expenses and case contribution awards. You and/or your counsel are welcome to attend the Fairness Hearing at your own expense, but you do not have to, even if you filed an objection. The Court will consider every timely-filed objection even if the objectors are not present at the Fairness Hearing.

### 19. May I speak at the hearing?

If you are a Settlement Class Member and you file an objection to the proposed settlement or any of its terms before the deadline and in accordance with the instructions at Question 16, you and/or your counsel may ask the Court for permission to speak at the Fairness Hearing. To do so, you must state in your written objection that you intend to appear and would like to speak at the Fairness Hearing. See Question 16 above.

## IF YOU DO NOTHING

### 20. What happens if I do nothing at all?

You do not have to take any action in response to this Notice in order to participate in the Settlement. If the settlement is approved by the Court, you will receive any payment to which you are entitled under the Court-approved Plan of Allocation. See Questions 9 through 12 above.

## GETTING MORE INFORMATION

### 21. Where can I get more details about the proposed settlement?

This Notice summarizes the proposed Settlement. The actual terms and conditions of the proposed settlement are set forth in the Class Action Settlement Agreement dated August 14, 2013 (the "Settlement Agreement"). You can get a copy of the Settlement Agreement, as well as the Court's Preliminary Approval Order, and Plaintiffs' Counsel's applications for attorneys' fees, expenses and case contribution awards (after they are filed) at ***www.gilardi.com/TextronERISASettlement*** and at ***www.rid.uscourts.gov*** or by writing to Class Counsel at the address above. All other papers that have been filed in the Action may be inspected at the Office of the Clerk of the Court of the United States District Court for the District of Rhode Island, Federal Building and United States Courthouse, One Exchange Terrace, Providence, RI 02903-1270, during regular business hours.

Dated: Providence, Rhode Island
September 18, 2013

By Order of the Court
CLERK OF THE COURT

*In re Textron, Inc. ERISA Litigation*
Notice Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

**Important Legal Document.**

**TXNERISA**

# EXHIBIT C

**Milberg LLP announces a proposed $4.375 million cash settlement of an ERISA class action on behalf of certain participants in the Textron Savings Plan**

NEW YORK – (PR Newswire) – September 30, 2013

In the United States District Court for the District of Rhode Island, in *In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML, a summary notice has been issued as follows:

***Summary Notice of Proposed Class Action Settlement and Scheduling of Final Fairness Hearing***

To: *All Persons who were participants in or beneficiaries of the Textron Savings Plan (the "Plan") at any time between July 17, 2007 and December 31. 2011 and whose accounts included investments in the Textron Stock Fund.*

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT FUND. PLEASE READ CAREFULLY.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-referenced action has been certified as a class action for purposes of a proposed $4.375 million cash settlement, subject to review and final approval by the Court. As part of the proposed settlement, class members who show a loss under the proposed Plan of Allocation may be entitled to a payment from the settlement. *You do not need to do anything to receive a payment under the settlement but your rights will be affected. The settlement includes a release of any claims related to the administration of the Plan, the selection of investment options under the Plan, and disclosures about the Textron Stock Fund and the company's financial condition.*

A hearing has been scheduled before Chief Judge Mary M. Lisi of the United States District Court for the District of Rhode Island in the Federal Building and United States Courthouse, One Exchange Terrace, Providence, RI 02903-1270, at **11:00 a.m.** on **January 24, 2014** to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the proposed Plan of Allocation and Plaintiffs' Counsel's applications for attorneys' fees, expenses and case contribution awards.

YOU CANNOT EXCLUDE YOURSELF FROM THE SETTLEMENT. You can, however, file written comments or objections with the Court. You or your lawyer may also appear and request the opportunity to speak at the hearing at your own expense. To do so, *you must send your comments and objections to the Court and the parties' attorneys no later than* ***November 27, 2013****. Detailed instructions can be found on the court's website,* ***www.rid.uscourts.gov****, and on the Settlement Website at* ***www.gilardi.com/TextronERISASettlement***, where you can also obtain a more detailed notice about the terms of the settlement, how the existence of a qualifying loss will be determined and how the payments will be calculated, along with the settlement agreement and related materials. Additional information and materials, including class counsel's application for attorneys' fees, will be posted on the Settlement Website as they are filed with the Court. You may also write to

Textron ERISA Litigation Settlement, P.O. Box 8040, San Rafael, CA 94912-8040 to request copies of these materials.

All other inquiries may be made by writing to Class Counsel at:

Arvind B. Khurana, Esq.
Milberg LLP
One Penn Plaza
New York, NY 10119-0165
akhurana@milberg.com

Published by Order of the U.S. District Court for the District of Rhode Island

CONTACT: Arvind B. Khurana, Esq., (212) 594-5300
Lori G. Feldman, Esq., (212) 594-5300