# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Action No. 09-383-ML<br>(Consolidated Actions) |

## <u>DECLARATION OF MARK P. KINDALL ON BEHALF OF IZARD NOBEL LLP</u>

I, **Mark P. Kindall**, declare as follows:

1.      I am a partner at the law firm of Izard Nobel LLP.  I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as for reimbursement of expenses incurred by my firm in connection with this ERISA class action litigation.  I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2.      My firm acted as counsel for Plaintiff Holly Sheets in this ERISA class action litigation, as well as Interim Co-Lead Counsel for Plaintiffs from December 21, 2009 until February of 2011.  My firm has extensive class action experience. The firm represents individuals, small businesses, institutional investors and employees in class action cases litigated in the United States. My firm has served as sole lead-counsel, co-lead counsel or on an executive committee in numerous class actions, including cases brought on behalf of employees under the ERISA statute.

3.      I have been personally involved in all aspects of my firm's work in this litigation, including the following:  (a) thoroughly researched facts necessary for the drafting of Ms.

Sheet's initial complaint, including research into the financial condition of Textron, Inc. and the

Textron Retirement Plans, as well as research concerning the structure of the Textron Plans,

including regulatory filings; (b) drafted and filed a complaint on behalf of Ms. Sheets; (c)

assisted in the drafting of a motion to consolidate; (d) attended initial status conference in Rhode

Island; (e) reached agreement among plaintiff's counsel concerning leadership structure and

drafted motion for appointment of interim lead counsel in accordance with those discussions; (f)

took lead in drafting the Consolidated Amended Complaint; (g) assisted in drafting discovery

requests; (h) negotiated tolling agreements with certain originally-named defendants; (i) took

lead in drafting the opposition to Defendants' Motion to Dismiss; (j) reviewed and analyzed

expert analysis on potential damages; (k) reviewed and provided comments on opposition briefs

to Defendants' motion(s) to reconsider the Court's denial of their motion to dismiss; (l) attended

status conference in Rhode Island after the case was transferred back to the District; (m) worked

with Ms. Sheets to prepare responses to Defendants' discovery requests; (n) prepared Ms. Sheets

for her deposition and defended same; (o) researched discrete class certification issues; (p)

reviewed and provided comments on draft class certification motion and brief; (q) conducted

third-party discovery directed at Fidelity and NEPC; (r) reviewed and analyzed documents

produced by Defendants through discovery; (s) reviewed and commented on draft mediation

statement; (t) participated in mediation; (u) discussed settlement proposal with Ms. Sheets;

reviewed and commented on draft settlement agreement and preliminary approval papers; (v)

drafted section of response to questions from Court concerning preliminary approval papers; and

(w) prepared initial draft of the brief supporting final approval.

4.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the

amount of time spent by the partners and other attorneys of my Firm who were involved in this

litigation, and the lodestar calculation based on my firm's billing rates for the 2009-2013 period.[1] The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court for review *in camera*.[2]

6.      The hourly rates for the partners, other attorneys, and professional support staff in my firm included in Exhibit 1 are the same as the rates charged for their services in non-contingent matters during the 2009-2013 time period, and which have been used in the lodestar submissions accepted by courts in other class litigation. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5.      The total number of hours expended on this litigation by my firm is 1,500.75 hours.  The total lodestar for my firm is $552,712.50, all of which is for attorney time.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2, my firm has incurred a total of $15,539.12 in un-reimbursed expenses in connection with the prosecution of this litigation.

8.      The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses as charged by the vendors.  Third-party expenses are not marked up.

---

[1] Izard Nobel's billing rates have not changed during the pendency of this litigation.  This application does not include time for anyone who spent fewer than 5 hours on this litigation.

[2] These records may include information concerning privileged and/or confidential attorney-client communications or work product.

9.      By agreement between Plaintiffs' Counsel, my firm is not charging separately for the following costs and expenses:  secretarial and clerical overtime, including their meals and local transportation; after-hours HVAC; word processing; secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

10.     With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is my firm's current résumé.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of October, 2013, at West Hartford, Connecticut.

\s\
<br>
**Mark P. Kindall**

**EXHIBIT 1**

*In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML (D.R.I.)

**Izard Nobel LLP**

**TIME REPORT — Inception through October 28, 2013**

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Robert A. Izard | 93.5 | $700 | $65,450.00 |
| Mark P.Kindall | 266.75 | $500 | $133,375.00 |
| William Bernarduci | 5.5 | $500 | $2,750.00 |
| **ATTORNEYS:** | | | |
| Wayne T. Boulton | 41.25 | $350 | $14,437.50 |
| Nancy A. Kulesa | 171.50 | $350 | $60,025.00 |
| Jennifer D. Somers | 408.50 | $300 | $122,550.00 |
| Beth C. Tedeschi | 513.75 | $300 | $154,125.00 |
| **TOTALS:** | 1,500.75 | | $552,712.50 |

**EXHIBIT 2**

***In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML (D.R.I.)**

**IZARD NOBEL LLP**

**EXPENSE REPORT — Inception through October 28, 2013**

| <u>Categories</u>: | <u>Amount</u> |
|---|---|
| Photocopying/Reproduction | $527.25 |
| Postage/Notice Costs | $235.42 |
| Filing/Witness Fees | $150.00 |
| Computer Research (Lexis, Pacer, etc.) | $248.70 |
| Out-of-Town Meals/Hotel/Transportation | $5877.75 |
| Litigation Fund Assessments | $8500.00 |
| **TOTAL EXPENSES:** | $15,539.12 |

**EXHIBIT 3**

# IN Izard Nobel LLP
Attorneys at Law

## **FIRM RESUME**

Izard Nobel LLP ("Izard Nobel") is one of the premier firms engaged in class action litigation under the Employee Retirement Income Security Act of 1974 (ERISA) and the securities laws. We have served as lead or co-lead counsel in many large ERISA class actions, including cases against AT&T, AOL Time Warner, Cardinal Health, JDS Uniphase, Merck, Sprint, and Tyco International, as well as over 30 securities class actions, including cases involving shares of Campbell Soup Company, Citizens Utilities Company, Newmont Mining Corporation, SS&C Technologies, Inc., SureBeam Corporation, and Veritas Corporation.

ERISA Cases where Izard Nobel has been formally appointed as sole or co-lead counsel, or serves as sole lead counsel, include: *Overby v. Tyco Int'l, Ltd.,* No. 02-CV-1357-B (D.N.H.); *In re Reliant Energy ERISA Litig.,* No. H-02-2051 (S.D. Tex.); *In re AOL Time Warner, Inc. Sec. and ERISA Litig.,* MDL Docket No. 1500 (S.D.N.Y.); *Furstenau v. AT&T,* Case No. 02 CV 8853 (D.N.J.); *In re AEP ERISA Litig.,* Case No. C2-03-67 (S.D. Ohio); In re *JDS Uniphase Corp. ERISA Litig.,* Civil Action No. 03-4743-CW (N.D. Cal.); *In re Sprint Corporation ERISA Litig.,* Master File No. 2:03-CV-02202-JWL (D. Kan.); *In re Cardinal Health, Inc. ERISA Litig.,* Case No. C 2-04-642 (S.D. Ohio); *Spear v. Hartford Fin. Svcs Group. Inc.,* No. 04-1790 (D. Conn.); *In re Merck & Co., Inc. Sec., Derivative and ERISA Litig.,* MDL No. 1658 (D.N.J.); *In re Diebold ERISA Litig.* No. 5:06-CV- 0170 (N.D. Ohio); *In re Bausch & Lomb, Inc. ERISA Litig.,*

Master File No. 06-CV-6297-MAT-MWP (W.D.N.Y.); *In re Dell, Inc. ERISA Litig.,* Case No. 06-CA-758-SS (W.D. Tex.); *In re First American Corp. ERISA Litig.,* SA-CV07-1357 (C.D. Cal.); *In re Hartford Fin. Svcs Group. Inc. ERISA Litig.,* No. 08-1708 (D. Conn.); *In re Merck & Co., Inc. Vytorin ERISA Litig.*, MDL No. 1938, 05-CV-1974 (D.N.J.); *Mayer v. Administrative Committee of Smurfit Stone Container Corp.*, 09-CV-2984 (N.D. IL.) *In re YRC Worldwide ERISA Litig.,* Case No. 09-CV-02593 (D. Kan); *White v. Marshall & Ilsley Corp*., No. 10-CV-00311 (E.D. Wis.); *Griffin v. Flagstar Bancorp, Inc*., No. 2:10-CV-10610 (E.D. Mich.) and *In re Eastman Kodak ERISA Litig*., Master File No. 6:12-cv-06051-DGL (W.D.N.Y.) Moreover, Izard Nobel was appointed to the Steering Committee in *Tittle v. Enron Corp.,* No. H-01-3913 (S.D. Tex.); *In re Electronic Data Systems ERISA Litig.,* 3:02-CV-1323 (E.D. Tex.); *In re Marsh ERISA Litig.*, Master File No. 04 CV 8157 (S.D.N.Y.).

Izard Nobel has also been formally appointed by many courts as lead counsel or co-lead counsel for investors in securities class actions, including: *Papanikolaou v. Value-Added Communications,* No. 3-95CV0346-H (N.D. Tex.); *Gorga v. Uniroyal Chemical Corp.,* No. CV-96-0132014-S (Conn. Super.); *David v. Simware, Inc.,* No. 96/602143 (N.Y. Sup.); *Butler v. Northstar Health Services, Inc.*, No. 96-701 (W.D. Pa.), *Allen v. Johansson*, 397CV02172 (RNC) (D. Conn.); *Feiner v. SS&C Techs.,* 397CV0656 (D. Conn.); *Berti v. Videolan Techs, Inc.,* No.3:97CV296H (W.D. Ky.); *Ganino v. Citizens Utilities Co.,* No. 398CV00480 (JBA) (D. Conn.); *Bunting v. HealthCor Holdings, Inc.,* No. 398CV0744-D (N.D. Tex.); *Hirsch v. PSS World Medical, Inc.,* No. 98 502 Civ. J20A (M.D. Fla.); *Kenneth Blau v. Douglas Murphy,* No. H 99 0535 (S.D. Tex.); *Angres v. Smallworldwide plc,* No. 99-K-1254 (D. Colo.); *In re Complete Mgmt., Inc. Sec. Litig.,* No. 99 Civ. 1454 (S.D.N.Y.); *Allain Roy v. dELiA's, Inc.,* No. 99 Civ. 3951 (JES) (S.D.N.Y.); *Russo v. KTI, Inc.,* No. 99-1780 (JAG) (D.N.J.); *Laborers Local 1298*

*Pension Fund v. Campbell Soup Co.,* No. 00-152 (JEI) (D.N.J.); *Hart v. Internet Wire,* No. 00 Civ. 6571 (S.D.N.Y.); *Ottmann v. Hanger Orthopedic Group, Inc.,* Civil Action No. AW 00CV3508 (D. Md.); *In re PolyMedica Corp. Sec. Litig.,* No. 00-12426-REK (D. Mass.); *Karl L. Kapps v. Torch Offshore, Inc.,* Case No. 02-CV-0582 (E.D. La); *In re Cable and Wireless, PLC, Sec. Litig.,* Civil Action No. 02-1860 (E.D. Va); *In re Alloy, Inc. Sec. Litig.,* Case No. 03-CV-1597 (S.D.N.Y.); *In re Surebeam Corporation Sec. Litig.,* Case No. 03-CV-1721 (S.D. Cal.); *In re Primus Telecoms. Group, Inc. Sec. Litig.,* Master Case No. 04-970-A (E.D. Va.); *In re Netopia Sec. Litig.,* Case No. C 04-3364 (N.D. Cal); *Malasky v. IAC/InterActive Corp.,* Case No. 04-CV-7447 (S.D.N.Y.); *In re Supportsoft, Inc. Sec. Litig.,* C 04-5222 SI (N.D. Cal.); *Berson v. Applied Signal Tech. Inc.,* 4:05-cv-01027-SBA (N.D. Cal.); *The Cornelia I. Crowell GST Trust v. Pemstar, Inc.,* 05-CV-1182 (D. MN); *UFCW Local 880 Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.,* No. 05-CV-01046 (D. Colo.); *Aviva Partners v. Exide Techs.,* 3:05-CV-03098 (D. NJ); *In re Veritas Software Corp. Sec. Litig.,* No. 04-831 (D. Del.); *In re Ionatron, Inc. Sec. Litig.,* Case No. 06-354 (D. AZ); *In re FX Energy, Inc. Sec. Litig.,* 2:07-CV-00874 (D. UT); *Melms v. Home Solutions of America,* Civil Action No. 3:07-CV-1961-N (N.D. Tex.); *In re: McDermott Int'l, Inc. Sec. Litig.,* 1:08-CV-09943-DC (S.D.N.Y 2008); *Desai v. Bucksbaum,* No. 09-CV-487 (N.D. IL.); *Bauer v. Prudential, Inc.,* 09-cv-1120 (JLL) (D.NJ); and *Klugmann v. American Capital Ltd.,* 09-CV-0005 (D. Md.).

We have served, or are serving, as lead or co-lead counsel in many large ERISA class actions, and our notable successes include settlements against AOL Time Warner ($100 million), Tyco International ($70.5 million), Merck ($49.5 million); Cardinal Health ($40 million), and AT&T ($29 million). Moreover, Izard Nobel was on the Executive Committee in *In re Enron*

*Corporation Securities and ERISA Litig.*, No. 02-13624 (S.D. Tex.), which resulted in a recovery in excess of $250 million.

Numerous courts have recognized Izard Nobel's superior expertise in ERISA actions of this type.  In particular, in *In re Merck Sec., ERISA and Deriv. Litig.*, the court stated, "[w]hat is clear is that Schatz & Nobel [now Izard Nobel] does have substantial experience in this area and much more experience than other contenders."  *In re Merck Sec., ERISA and Deriv. Litig.*, No. 05 1157, (D.N.J.)(Transcript of proceedings on Apr. 18, 2005) Similarly, the court in *In re Tyco International, Ltd., Securities Litig.* found that Izard Nobel and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims."  *In re Tyco International, Ltd. Sec. Litig.*, Case No. 02 1335, slip op. at 2 (D.N.H. Dec. 18, 2002). In *Cardinal Health*, the court also noted Izard Nobel's "extensive experience in ERISA litigation," the "high level of ERISA expertise" and "several well-argued briefs . . . on a range of issues."  *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D.552, 555-556 (S.D. Ohio Jan. 14, 2005).

Courts have recognized the superior results that Izard Nobel has obtained as a result of its experience.  In approving the *Sprint ERISA Litig.* settlement, the court found, "[t]he high quality of [Izard Nobel's] work culminated in the successful resolution of this complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ."  *In re Sprint Corp. ERISA Litig.*, No. 03 2202, slip op. at 33, 35 (D. Kan. Aug. 3, 2006).

In the AOL Time Warner ERISA case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement plans expected the case to settle for only $70 million.  *In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7,

approved by the Court by Memorandum Opinion dated October 26, 2007. The Special Master reviewing an application for attorneys' fees found that in addition to the fact that the quality of counsel's work was "impressive," "[e]ven more importantly, they used the mediation process to persuade reluctant and determined defendants to part with settlement dollars well above those expected." *Id*. at 30.   According to the Special Master, obtaining an additional $30 million for the class stands out as "some of the hardest work and most outstanding results" obtained by Izard Nobel and its co-counsel. *Id*. at 37.   In negotiating this extraordinary settlement, Izard Nobel "stretched the defendants' settlement tolerances beyond their limits." *Id*.   Moreover, the Court found that Izard Nobel worked with great efficiency.   After conducting a "moderately detailed examination of counsels' actual time records," the Special Master lauded the efficiency with which counsel litigated such a large case which inherently tends to produce inefficiencies.  *Id*. at 26, 43.

In approving the $49.5 million settlement in *In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*, in which Izard Nobel served as Chair of the Lead Counsel Committee, the Court stated that it was an "extremely successful and extremely appropriate and reasonable settlement."  *In re Merck & Co., Inc. Securities, Derivative & ERISA Litig.*, No. 05-2369, (D.N.J.)(Transcript of proceedings on Nov. 29, 2011 at 15).

In the *Tyco ERISA* case, the court stated that the $70.525 million settlement in an "extraordinarily complex case factually" was "outstanding," and "an extraordinary settlement given the circumstances of the case and the knowledge that [the Court] has about the risks that the plaintiff class faced in pursuing this matter to verdict."  *In re Tyco International, Ltd., Securities Litig.*, No. 02-1335-B, (D. N.H.)(Transcript of proceedings on Nov. 18, 2009 at 11, 31, 41, 61).

Izard Nobel's ERISA team is led by Robert A. Izard.  In approving the *Tyco* settlement, Judge

Paul Barbadoro, Chief Judge of the District of New Hampshire, stated with respect to Mr. Izard:

> I have a high regard for you. I know you to be a highly
> experienced ERISA class action lawyer. You've represented your
> clients aggressively, appropriately and effectively in this litigation,
> and I have a high degree of confidence in you so I don't think
> there's any question that the quality of counsel here is a factor that
> favor's the Court's endorsement of the proposed settlement....
>
> I have enjoyed working with you in this case. You've always been
> helpful. You've been a gentleman. You've been patient when I've
> been working on other matters….

*In re Tyco International, Ltd., Securities Litig*., No. 02-1335-B, (D. N.H.)(Transcript of

proceedings on Nov. 18, 2009 at 74-75)

## ATTORNEYS

***Robert A. Izard*** heads the firm's ERISA team and is lead or co-lead counsel in many of

the nation's most significant ERISA class actions, including cases against Merck, Tyco

International, Time Warner, AT&T and Sprint among others.  Mr. Izard has substantial

experience in other types of complex class action and commercial litigation matters.  For

example, he represented a class of milk purchasers in a price fixing case.  He also represented a

large gasoline terminal in a gasoline distribution monopolization lawsuit.

Prior to joining the firm, Mr. Izard was a partner at Robinson & Cole where he

represented large corporate clients in a variety of business litigation matters.  For example, he

represented a large worker's compensation insurer in numerous class action lawsuits filed

throughout the country concerning an alleged conspiracy to fix worker's compensation insurance

rates.

As part of his twenty plus years litigating complex commercial cases, Mr. Izard has substantial jury and nonjury trial experience, including a seven-month jury trial in federal district court. He is also experienced in various forms of alternative dispute resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR Institute for Dispute Resolution.

Mr. Izard is the author of Lawyers and Lawsuits: A Guide to Litigation published by Simon and Schuster and a contributing author to the Mediation Practice Guide. He is the former chair of the Commercial and Business Litigation Committee of the Litigation Section of the American Bar Association.

Mr. Izard received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif and was an editor of the Emory Law Journal.

*Jeffrey S. Nobel* co-founded the firm in 1995. Mr. Nobel is a 1989 graduate of Albany Law School, where he served as an Associate Editor of its Law Review, and is also a 1986 *cum laude* graduate of the University of Connecticut, Storrs, where he received a Bachelors of Arts degree in Political Science.

Following his law school graduation in 1989, Mr. Nobel was employed as a litigation associate with the Hartford, Connecticut law firm of Schatz & Schatz, Ribicoff & Kotkin, where he represented officers and directors in various securities class action cases, as well as corporations and financial institutions in complex litigation matters.

Since co-founding the firm in 1995, Mr. Nobel has concentrated his practice on representing investors, consumers and employees harmed by corporate wrongdoing. Mr. Nobel is admitted to practice in Connecticut, and has prosecuted class action suits in numerous State and

Federal courts throughout the country, including the District of Connecticut, the District of New Jersey, the District of Colorado, the Northern, Central and Southern Districts of California, the Northern and Southern Districts of Texas, the Southern District of New York, the Middle District of Florida, the District of Minnesota, and the Eastern District of Virginia.

**Mark P. Kindall** joined the firm in 2005, and has worked on many significant class action cases, including ERISA litigation against AOL Time Warner, Kodak and Cardinal Health, securities fraud litigation against SupportSoft, American Capital and Nuvelo, and bank overdraft fee litigation against Webster Bank and People's United Bank. Mr. Kindall argued the 2008 appeal of *Berson v. Applied Signal Tech. Inc.,* 527 F.3d 982 (9th Cir. 2008), which resulted in an important decision for securities class action plaintiffs in the Ninth Circuit.

Mr. Kindall was an associate at Covington & Burling in Washington, D.C. from 1988 until 1990. In 1990 he joined the United States Environmental Protection Agency as an Attorney Advisor. He represented the U.S. government in international negotiations at the United Nations, the Organization for Economic Cooperation and Development and the predecessor of the World Trade Organization, and was a member of the U.S. Delegation to the United Nations Conference on Environment and Development (the "Earth Summit") in Rio de Janeiro in 1992. From 1994 until 2005, Mr. Kindall was an Assistant Attorney General for the State of Connecticut, serving as lead counsel in numerous cases in federal and state court and arguing appeals before the Connecticut Supreme Court and the United States Court of Appeals for the Second Circuit.

Mr. Kindall has taught courses in appellate advocacy and administrative law at the University of Connecticut School of Law. He is admitted to practice in Connecticut, California, and the District of Columbia. He is also a member of the bar of the United States Supreme

Court, the U.S. Courts of Appeals for the Second, Ninth, and D.C. Circuits, and the United States District Courts for Connecticut, the District of Columbia, all District Courts in New York, the Eastern District of Wisconsin, and the Northern, Central and Southern Districts of California.

Mr. Kindall is a 1988 graduate of Boalt Hall School of Law at the University of California at Berkeley, where he served as Book Review Editor of the California Law Review and was elected to the Order of the Coif.  He has a bachelor's degree in history with highest honors from the University of California at Riverside, and he also studied history at the University of St. Andrews in Scotland.

**Seth R. Klein** graduated *cum laude* from both Yale University and, in 1996, from the University of Michigan Law School, where he was a member of the Michigan Law Review and the Moot Court Board and where he was elected to the Order of the Coif.  After clerking for the Hon. David M. Borden of the Connecticut Supreme Court, Mr. Klein served as an Assistant Attorney General for the State of Connecticut, where he specialized in consumer protection matters and was a founding member of the office's electronic commerce unit.  Mr. Klein thereafter joined the reinsurance litigation group at Cadwalader, Wickersham & Taft LLP in New York, where he focused on complex business disputes routinely involving hundreds of millions of dollars.  At Izard Nobel, Mr. Klein's practice continues to focus on consumer protection matters as well as on complex securities and antitrust litigation.

**Nicole A. Veno** graduated from Quinnipiac University School of Law in 2012, where she was an Associate Editor of the Quinnipiac Probate Law Journal and co-founder of the Business and Securities Law Organization. She received the Distinguished Academic Achievement Award in Employee Benefits. Her Note, *Class Action Securities Lawsuits Should Survive the Death of a Named Defendant: Why Baillargeon v. Sewell Was Wrongly Decided,* was published by the

Quinnipiac Probate Law Journal in 2012. She was a 2009 graduate of Southern Methodist University, where she received a Bachelor of Arts degree in Political Science.

Ms. Veno has concentrated on representing those harmed by corporate wrongdoing since law school, when she was a law clerk at a firm focusing on class action securities, antitrust, corporate governance and consumer litigation. At Izard Nobel LLP, she continues to represent consumers and investors against corporate giants and is active in the firm's consumer class action practice.

Ms. Veno is a member of the American Bar Association Section of Antitrust Law and is involved with a number of community organizations, including the Junior League and Share our Strength's Taste of the Nation New Haven.