## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Action No. 09-383-ML<br>(Consolidated Actions) |

## DECLARATION OF MICHAEL J. KLEIN ON BEHALF OF STULL, STULL & BRODY

I, Michael J. Klein, declare as follows:

1.        I am an associate at Stull, Stull & Brody ("SS&B").  I submit this declaration in support of SS&B's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this ERISA class action litigation.  I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2.        My firm acted as Co-Lead Class Counsel, pursuant to this Court's Order (R.24), from December 21, 2009 until December 13, 2011 (R. 67) in this ERISA class action litigation. Since December 13, 2011, we have assisted Milberg LLP in prosecuting Plaintiffs' claims. SS&B firm has extensive class action experience.   It generally represents individuals (as stockholders and/or employees) and small businesses in derivative litigations and in class action cases litigated in the United States. My firm has served as sole lead-counsel, co-lead counsel or on an executive committee in numerous class actions, including cases brought on behalf of employees under ERISA, and we have recovered hundreds of millions of dollars in analogous litigations.

3.      I have been personally involved in all aspects of my firm's work in this litigation, including the following: I have helped in researching and drafting the operative complaint, which was filed when SS&B was Co-Lead Class Counsel, I assisted in all, or practically all, material briefing to the Court since the inception of this litigation, I defended the deposition of Plaintiff Diana Leach, I participated in the mediation which resulted in the Settlement now before the Court, I participated in the discovery that was conducted to date, and I participated in a court hearing before Judge Barbadoro while Defendants' motions to dismiss were pending.

4.      I believe that the Settlement Agreement is an excellent result for the Class for the reasons discussed in Plaintiffs' motion papers.

5.      The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by attorneys and professional support staff of SS&B who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates.[1]   The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by SS&B, which are available at the request of the Court for review *in camera*.[2]

6.      The hourly rates for attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been used in the lodestar cross check accepted by courts in other class litigation. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my

---

[1]   This application does not include time for anyone who spent fewer than 5 hours on this litigation.

[2]   These records may include information concerning privileged and/or confidential attorney-client communications or work product.

firm. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

7.     The total number of hours expended on this litigation by my firm is 1,576.55 hours.  The total lodestar for my firm is $954,369.70, consisting of $784,668.65 for attorneys' time and $169,701.05 for professional support staff time.

8.     My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9.     As detailed in Exhibit 2, my firm has incurred a total of $19,885.35 in un-reimbursed expenses in connection with the prosecution of this litigation.

10.     The expenses incurred in this action are reflected on the books and records of my firm, which are available at the request of the Court.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses as charged by the vendors.  Third-party expenses are not marked up.

11.     By agreement between Plaintiffs' Counsel, my firm is not charging separately for the following costs and expenses:  secretarial and clerical overtime, including their meals and local transportation; after-hours HVAC; word processing; secretarial/clerical time for document preparation; time charges for routine copying, faxing or scanning; incoming/outgoing fax charges; office supplies (such as paper, binders, etc.); special publications; continuing legal education seminars; working meals for attorneys (with the exception of meals with clients, expert or other witnesses, or meal expenses for meetings between Plaintiffs' Counsel); and local overtime meals and transportation for attorneys.

12.     With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is my firm's résumé, which includes brief biographies for the attorneys in my firm who were principally involved in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of October 2013, at New York, New York.


_____
Michael J. Klein

**EXHIBIT 1**

*In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML (D.R.I.)

**STULL, STULL & BRODY**

**TIME REPORT — Inception through October 8, 2013**

| Name | Total Hours | Hourly Rate | Total Lodestar |
|------|------------:|------------:|---------------:|
| **ATTORNEYS:** | | | |
| Edwin J. Mills | 100.00 | $925.00 | $92,500.00 |
| Mark Levine | 196.25 | $875.00 | $171,718.75 |
| Melissa Emert | 432.00 | $725.00 | $313,200.00 |
| Michael Klein | 289.86 | $715.00 | $207,249.90 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| David Sheets | 14.25 | $295.00 | $4,203.75 |
| Maksim Fuchs | 317.94 | $295.00 | $93,792.30 |
| Paul Berney | 10.25 | $295.00 | $3,023.75 |
| Paul Harrigan | 207.75 | $295.00 | $61,286.25 |
| Antonio Arthur | 8.25 | $290.00 | $2,392.50 |
| Karyn Mullin | 17.25 | $290.00 | $5,002.50 |
| **TOTALS:** | **1,576.55** | | **$954,369.70** |

**EXHIBIT 2**

*In re Textron, Inc. ERISA Litigation*, **Civil Action No. 09-383-ML (D.R.I.)**

**STULL, STULL & BRODY**

**EXPENSE REPORT — Inception through October 8, 2013**

| Categories: | Amount |
|---|---|
| Photocopying/Reproduction | $792.50 |
| Postage/Notice Costs/Messengers/Express Services | $808.89 |
| Telephone (conference calls) | $188.53 |
| Filing/Witness Fees | $500.00 |
| Court Reporters/Transcript/Video | $354.50 |
| Computer Research (Lexis, Pacer, etc.) | $4,091.76 |
| Out-of-Town Meals/Hotel/Transportation | $4,570.92 |
| Litigation Fund Assessments | $8,500.00 |
| Charge from Textron for ERISA Section 104(b) documents | $78.25 |
| **TOTAL EXPENSES:** | **$19,885.35** |

**EXHIBIT 3**

# STULL, STULL & BRODY
### ATTORNEYS AT LAW

6 EAST 45TH STREET
SUITE 500
NEW YORK, NY 10017
TELEPHONE: (212) 687-7230
FACSIMILE: (212) 490-2022

9430 W. Olympic Boulevard
Suite 400
Beverly Hills, California 90212
TELEPHONE: (310) 209-2468
FACSIMILE: (310) 209-2087

## FIRM RÉSUMÉ

## I.    Introduction

Stull, Stull & Brody's excellent litigating and results have been recognized for over forty years.  Stull, Stull & Brody has offices in New York City and Los Angeles, enabling the firm to efficiently handle class actions on a nationwide basis.  Due to the consistency and seniority of its attorneys, including six attorneys who have each been with the firm for more than twenty years and an additional six attorneys who have each been with the firm for more than seven years, we are able to leverage vast experience efficiently and effectively.  Stull, Stull & Brody consistently delivers favorable results on behalf of the classes that it represents.  Because of its successes over the past 40-plus years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in complex class action and derivative cases.  With twelve attorneys, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation.  Our lawyers possess outstanding credentials and our firm has repeatedly been acknowledged for its outstanding achievements.

Recently the firm has concentrated, in large part, on protecting the rights of retirement plan participants under Employee Retirement Income Security Act's ("ERISA") duties of prudence and loyalty.  Stull, Stull & Brody has been one of the pioneers of ERISA company stock fund litigations since the filing of *In re Lucent Technologies, Inc. ERISA Litig.*, which was one of the first cases of its kind (described in more detail below, and which the *Lucent* Court recognized as "new ground").

Stull, Stull & Brody has been on the forefront of ERISA company stock fund litigations since their inception.  The firm has briefed and continues to brief cutting-edge legal arguments and analyses to maximize its recoveries on behalf of 401(k) plans and plans participants. As recently recognized by Judge Robinson of the United States District Court for the District of Delaware, "SS&B's ERISA litigation experience, particularly litigation appearing similar to the issue at bar, indicates extensive experience and knowledge of applicable law…. SS&B's experience includes many high-yield cases . . . Furthermore … SS&B, has served as co-lead counsel in five of the largest recoveries in ERISA class action suits involving imprudent investment of retirement plan savings in company stock." *In Re: Wilmington Trust Corp. ERISA Litig.,*1:11-cv-00101-SD (D. Del. Mar. 15, 2102).

The firm has represented claimants in numerous class actions alleging ERISA violations. In these ERISA actions, Stull, Stull & Brody has recovered hundreds of millions of dollars on behalf of 401(k) plan participants for alleged violations of ERISA's fiduciary duties.  Stull, Stull & Brody has extensively briefed all aspects of these ERISA company stock fund litigations, including summary judgment briefings on liability and damages.  The *In re AOL Time Warner*

*ERISA Litigation* Court noted that Stull, Stull & Brody and co-lead counsel's recovery in that case was "one of the largest ERISA settlements to date" and it remains the second largest recovery in an ERISA stock fund litigation to date.[3]  In total, Stull, Stull & Brody has been court-appointed lead counsel (six times) or liaison counsel (twice) for the plaintiffs in eight of the twenty largest recoveries in such ERISA cases.[4]

### A. Settled ERISA Actions

o   *In re AOL Time Warner ERISA Litig.*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

o   *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004)  (Stull, Stull & Brody served as liaison counsel for the class in a case which recovered a payment of $79 million to the company's 401(k) plan)

o   *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525m in cash; over 80 million pages of discovery were produced to counsel and over 250 days of deposition were taken)

o   *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

o   *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

o   *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

o   *National City Corporation Securities, Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (recovery of $43 million in cash to the company's 401(k) plan)

o   *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

o   *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash to the company's 401(k) plan approved in August of 2009)

o   *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

---

[3] *See* ERISA Class Action Settlements & Attorney Fees chart maintained by Fiduciary Counselors Inc., *available at* http://www.erisasettlements.com/press/ERISA-Chart.pdf.

[4] *See* Fiduciary Counselors Chart, *supra*, and Settled ERISA Actions, Section I.A, *infra*.

o   *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

o   *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash to the company's 401(k) plan)

o   *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

o   *Walter v. Level 3 Communications, Inc.*, 1:09-cv-00658-REB (D. Colo.) ($3.2 million recovery for the class)

## II.   Courts Routinely Recognize the Excellence of Stull, Stull & Brody in ERISA Litigations

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of ERISA litigation as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role.  For example:

> Counsel take justifiable pride in their accomplishments.  The quality of their filings was impressive.  Counsel defeated well developed motions to dismiss, filed by skilled and renowned defense lawyers.  Even more importantly, they used the mediation process to persuade reluctant and determined defendants to part with settlement dollars well above those expected.
>
> The service was praiseworthy in all respects. . . .

*In re AOL Time Warner, Inc. Securities and ERISA Litig.*, No. 02-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 30, approved by the Court by Memorandum Opinion dated October 26, 2007; *id.* at 37 (noting that Stull, Stull & Brody and co-counsel's obtaining an additional $30 million recovery for the class in addition to the independent fiduciary's expected settlement value of $70 million "stands out as some of the hardest work and most outstanding results" and finding that "counsel exceeded the expectations of the independent fiduciary and stretched the defendants' settlement tolerances beyond their limits."); *id.* at 42-43 (recognizing counsel's "commendable work and their fidelity to the class in the face of risks."); *id.* at 32 (*"**[T]he extra mile traveled by counsel to obtain a $100 million settlement for the class**, an amount substantially above what experts considered fair and what seemed achievable."*) (emphasis added).

As recognized by the court in *In re Lucent Technologies, Inc. ERISA Litig.*:

> [Stull, Stull & Brody and co-counsel] vigorously and aggressively pursued every possible source of value, even achieving meaningful therapeutic relief.  The Settlement is reasonable in light of the best possible recovery and represents [] a very substantial portion of the *likely* recovery in this case. . . .
>
> . . . As noted above, Plaintiffs were embarking on "new ground" in pursuing this litigation[.]   Plaintiffs could rely on only a single favorable case, *Ikon*, at the time.  With little case law and challenging substantive proofs ahead, the outcome of the lawsuit was, at best, questionable.

Case No. 10-cv-3491 (S.D.N.Y.) (Opinion and Order, March 15, 2004, at p. 21) (Pisano, J.) (emphasis in original); *see also Reinhart v. Lucent Techs., Inc.* (*In re Lucent Techs., Inc. Sec. Litig.*), 327 F. Supp. 2d 426, 446 (D.N.J. 2004):

> This case involved alleged breaches of fiduciary duties relevant to Lucent stock funds held by 401k plan participants. This type of ERISA claims is novel - so much so, that Lucent and its insurers initially contended that the ERISA Class could not recover even if the Class proved the alleged fraud. The ERISA Class, however, maintained its claims and sought monetary damages to recoup their losses and therapeutic changes to the structure of the Plans, particularly the LTSSP. . . .

As recognized by the court in *In re Cardinal Health, Inc. ERISA Litig.*:

> Each firm has an impressive resume and is qualified to be lead counsel, but the Court finds the McKeehan Plaintiffs' proposed counsel, Schatz & Nobel and Stull, Stull & Brody, will best be able to represent fairly and adequately the class because of their extensive experience in ERISA litigation. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

225 F.R.D. 552, 556 (S.D. Ohio 2005); *id.* ("[Co-counsel and] Stull, Stull & Brody have also demonstrated a commitment to identifying and investigating potential claims in the action").

> [A] high level of skill in this area of the law was necessary to perform the legal services in this case properly[.]   Plaintiffs' counsel possessed the requisite level of experience, reputation and ability in the field of ERISA class actions and other complex litigation[.] the high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case.  This was demonstrated by their successful and commendable prosecution of this case through the

-4-

motion to dismiss stage and the ultimate settlement of this case under favorable terms.");

*In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 335; *id.* at 33 ("the results obtained by virtue of the settlement are extraordinary compared to the anticipated difficulties of establishing significant amounts of damages even if plaintiffs could have overcome the numerous obstacles for establishing liability"); *see also In re Tyco International, Ltd. Securities Litig.*, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (finding that Stull, Stull & Brody and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." and that Stull, Stull & Brody and its co-counsel "have demonstrated their consistent commitment to this case by filing several well-argued briefs with the Court on a range of issues"); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel).

### A. Pending ERISA Class Action Cases in which Stull, Stull & Brody is serving as Plaintiffs' Lead or Co-Lead Counsel

o *Metyk v. Keycorp et al.*, 1:10-cv-02112-DCN (N.D. Ohio) (on appeal)

o *Lipman v. Terex Corp.*, 3:10-cv-00006-RNC (D. Conn.)

o *In Re: Wilmington Trust Corp. ERISA Litig.,*1:11-cv-00101-SD (D. Del.) (recognizing that "SS&B's ERISA litigation experience, particularly litigation appearing similar to the issue at bar, indicates extensive experience and knowledge of applicable law.")

o *In Re SunTrust Banks, Inc. ERISA Litig.*, 1:08-cv-03384-RWS (N.D. Ga.) (appeal forthcoming)

o *Griffin v. Flagstar Bancorp, Inc.*, 2:10-cv-10610-PDB-MKM (E.D. Mich) (settlement pending)

### B. Pending ERISA Action which Stull, Stull & Brody is prosecuting but has not been officially appointed as Plaintiffs' Lead or Co-Lead Counsel

o *In re Textron, Inc. ERISA Litigation*, 09-383-ML-LDA (D. R.I.) (settlement pending)

o *Kenney v. State Street Corp*, No. 09-10750-PBS (D. Mass.)

o *Ragan v. Advanta Corp.*, 2:09-cv-04974-CMR (E.D. Pa.) (settlement pending)

o *Zimlich v. Lender Processing Services, Inc.*, 3:13-cv-00205 (M.D. Fl.)

## III.   Stull, Stull & Brody Has Substantial Experience in other Complex Litigations

Throughout its 40 year history, Stull, Stull & Brody has been involved with a number of seminal cases that have significantly affected the landscape of securities litigation.  Indeed, Stull, Stull & Brody has handled every aspect of complex class action litigation, including initial investigation, extensive pre-trial discovery, trial, post-trial motions, and appeals.  Stull, Stull & Brody has been involved in a host of such litigations, having successfully represented plaintiffs, as a lead counsel, in hundreds of cases recovering billions of dollars in damages on behalf of investors.

The firm's efforts have been recognized, as reflected in the letter annexed hereto, by a late member of the United States Congress, the Representative Paul E. Gillmor, Rep. Ohio 5th District.  As The Honorable Paul E. Gillmor wrote to The Honorable Stanley E. Chesler, U.S.D.J. on January 2, 2007, in connection with the *In re Merck & Co., Inc. Securities, Shareholder Derivative and ERISA Litig.*, (MDL 1658); Case no 3:05-CV-01151:

> I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina.  In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs.  That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial net of attorneys fees, expenses and administration fees.
>
> During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negotiations, litigation strategy, pending motions, court rulings and trial preparation.  I would regularly speak to counsel by telephone at which time the foregoing topics would typically be discussed and I would have the opportunity to ask questions and provide input.

In addition, for over the past thirty years Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation.  The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation.

*Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976).

The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalism, and in the court's view efficiency of these firms, so there is no question in the court's mind of the quality of the representation.

*In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

[T]his is one of the largest, if not the largest, securities fraud settlements in this district.   The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . .  The management of the case was also of extremely high quality. . . . [C]lass counsel is of high caliber and has extensive experience in similar class action litigation.  Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . .  The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines.

*In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession.  They are the top of the line.

*In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. Sept. 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions.   The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement.

*Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved."  *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back

to the shareholders of this corporation some moneys [sic] as a result
of certain things which occurred during the course of the operation of
this corporation which perhaps should not have occurred.

*Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

Stull, Stull & Brody's expertise in the field of securities litigation has also been recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D.N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452 (ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.); *Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979, Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347 (Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT (C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879 (E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y. 1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,738 (E.D.N.Y. 1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

Seminal decisions in which Stull, Stull & Brody has been involved include:

o In the *Lucent ERISA* litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company. Stull, Stull & Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues. The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact." *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005)

o In *Merck & Co., Inc., v. Reynolds*, No. 08-905, ___ U.S. ____, 130 S. Ct. 1784, 2010 U.S. LEXIS 3671 (April 27, 2010), in a case brought on behalf of investors in Merck securities alleging that they were defrauded due to misrepresentations made by Merck, the United States Supreme Court issued a ruling making it easier for defrauded investors to file actions claiming violation of the Securities Exchange Act of 1934 by holding that the statute of limitations does not begin to run on investors not only until the time an investor should have known that a false statement was made but also until the time that the investor should have known that the statement was either knowingly or recklessly made.

o In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation

requirement.

- o In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation.  The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

- o In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

- o In *In re Cabletron Systems, Inc. Securities Litig.*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act.  This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

- o In *In re Frontier Group Insurance Litig.*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

- o In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

- o The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), cert. denied, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981).

- o In *Howard v. Everex*, 228 F.3d 1057 (9th Cir. 2000), Stull, Stull & Brody successfully advocated that a corporate officer can be liable in a private antifraud action for signing a document filed with the SEC that he knows (or is reckless in not knowing) contained misrepresentations, even if the officer was not involved in preparing the document.  The 9th Circuit decision was a precursor to Section 302(a) of the Sarbanes-Oxley Act of 2002 which now requires corporate officers that sign documents filed with the SEC to certify the accuracy of information therein.

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering over one billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

### A. Settled Securities Class Action Cases

- o In *In re Initial Public Offerings Securities Litig.*, MDL No. 1264 (S.D.N.Y. 2009) (Stull, Stull & Brody served as one of six members of Plaintiffs' Executive Committee, which recovered

$586 million)

o *In re Bankamerica Corp. Securities Litig.*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

o *In re Geodyne Resources, Inc. Securities Litig.* (Harris County Tex.) (recovery of $125 million cash settlement plus contingent benefits of additional $75 million)

o *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

o *Spahn v. Edward D. Jones & Co., L.P. et al.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid all reasonable costs and expenses of class notice and settlement administration)

o *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006, S.D. Ca. 2009) (recovery of $117,567,922)

o *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid all reasonable costs of class notice and settlement administration, which is currently estimated to be $15 to 18 million)

o *In re Ikon Office Solutions, Inc. Securities Litig.*, MDL No. 1318 (E.D. Pa. May 9, 2000) (recovery of $111 million)

o *In re Salomon Brothers Treasury Litig.*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

o *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.) (recovery of $80 million)

o *In re Westinghouse Securities Litig.,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

o *Bachman v. AG Edwards, Inc., et al.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.) (recovery of $60 million)

o *In re Thomas & Betts Securities Litig.*, Case No. 00-2127 (W.D. Tenn. 2002) - related case:  *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 million)

o *In re Tenneco Inc. Securities Litig.*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

o *In re Apria Healthcare Group Securities Litig.*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

o  *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

o  *In re Cannon Group Securities Litig.*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

o  *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

o  *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

o  *In re: Northeast Utilities Securities Litig.*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

o  *Lasky v. Brown (United Companies Financial Corporation) Securities Litig.*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

o  *Lasker et al v. Kanas et. Al.*, (North Fork Bancorporation), Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

o  *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

o  *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

o  *In re Rambus, Inc. Securities Litig.*, Master File No. C-06-4346-JF  (N.D. Cal. 2008) (recovery of $18.33 million)

o  *In re C.R. Bard, Inc. Securities Litig.*, Master File No. 90-948 (AMW) (D.N.J. 1991) (recovery of $17.9 million)

o  *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

o  *In re Rhythms Sec. Litig.*, Civil Action No. 02-K-35 (GCL) (D. Co.) (recovery of $17.5 million)

o  *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

o  *In re Green Tree Financial Corporation Stock Litig.*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

o  *In re Elscint Securities Litig.*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

o  *In re National Medical Enterprises Securities Litig. II*, Case No. CV 93-5224 TJH (Bx)

(C.D. Ca.) (recovery of $11.65 million)

o  *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

o  *In re Cybermedia, Inc. Securities Litig.*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

o  *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

o  *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

o  *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

o  *In re U.S.A. Detergent Securities Litig.,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

o  *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

o  *In re Nice Systems, Ltd. Securities Litig.*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

o  *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

o  *In re Beverly Enterprises, Inc. Securities Litig.*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

o  *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

o  *In re Stratosphere Securities Litig.*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

o  *In re Steven Madden Ltd. Securities Litig.*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

o  *In re Gibraltar Financial Corporation Securities Litig.*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

o  *In re FHP Securities Litig.*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

o  *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

o  *In re Orion Pictures Corp. Securities Litig.*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y.

1992) (recovery of $8 million)

o *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

o *In re Triton Energy Corporation Securities Litig.*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

o *Ganesh v. Computer Learning Center* (E.D. Va. 1999).  Settlement of $7.5 million for alleged misrepresentations to investors by trade school operator.

o *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn. 2008) (recovery of $7.5 million)

o *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

o *In re Dime Savings Bank of New York Securities Litig.*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

o *In re Western Digital Securities Litig.*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

o *In re Bank of New England Corporation Class Action and Shareholder Litig.*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

o *Bobbitt v. Andrew J. Filipowski, et al.*, No. 06-11072-PBS (D. Mass. 2008) (recovery of $6.3 million)

o *In re Berkshire Realty Company, Inc. Shareholder Litig.*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

o *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

o *In re Ziff-Davis, Inc. Securities Litig.*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

o *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial 8District, Harris County, Texas (recovery of $6 million)

o *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J. 2011) (recovery of $5.5 million)

o *In re Ascend Communications Securities Litig.*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

o *In re Brightpoint, Inc. Securities Litig.*, Case No.  IP 01 1796 C-T/K (recovery of $5.25 million)

o *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of

$5 million)

o *In re SouthEast Banking Corp. Securities Litig.*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

o *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

o *In Re: Interlink Electronics Inc. Sec. Litig.*, 05-CV 08133 (AG) (SH) (C.D. Cal. 2009) (recovery of $5 million)

o *In re Regeneron Pharmaceuticals, Inc. Securities Litig.,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

o *In re Sunglass Hut Intl., Inc. Securities Litig.*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

o *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

o *In re Fidelity Holdings Securities Litig.*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

o *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

o *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

o *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

o *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

o *In re HMO America Securities Litig.*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

o *In re Nanophase Technologies Corporation Securities Litig.*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

o *In re Quintex Securities Litig.*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

o *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

o *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

o *In re iTurf Inc. Shareholders Litig.*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

o *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

o *In re Kay Jewelers Securities Litig.*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

o *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

o *In re TwinLab Corp. Securities Litig.,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

o *In re Spectrian Corp. Securities Litig.*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

o *In re Arotech Corp. Securities Litig.*, Master File No. 07-CV-1838 (RJD) (VVP) (recovery of $2.9 million)

o *In re Mutual Funds Investment Litig.*, MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.*, Case No. 04-cv-3798-JFM (D. Md.) (recovery of $2.83 million)

o *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

o *In re Peritus Software Services, Inc. Securities Litig.*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

o *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

o *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

o *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

o *In Re: Columbia Entities Litig.*, 04-CV-11704 (D. Mass. 2004) (reduction in the overall rate charged as advisory fees (i.e., "breakpoints) when the mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of some or all of the settling funds)

## B. Settled Derivative Actions

- *Esther Sadowsky Testamentary Trust, et al. v. Brendsel, et al. (Federal Home Loan Mortgage Corporation)*, 05-cv-2596 (Oct. 27, 2006) (recovery of approximately $100 million as well as significant corporate governance measures)

- *In re Bank of New York Corporate Derivative Litigation*, Index No. 604465/99 (Sup. Ct. NY) (recovery of $26.5 million for the company; and (b) the adoption of significant corporate governance measures)

- *In re FirstEnergy Shareholder Derivative Litigation, 03-CV-1826 (N.D. Oh. 2003) (recovery of approximately $25 million* and the adoption of significant corporate governance measures)

- *In re Hewlett-Packard Company Derivative Litig.*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County 2006), 2426-VCN (Delaware Chancery Court 2006) (derivative action stemming from the board of directors' alleged leak of an investigation that ultimately led to the firing/resignation of various high level officers and directors of HP. Substantial corporate governance reforms were instituted as part of the settlement, with HP's special litigation committee agreeing to undertake numerous widespread corporate governance changes directed toward HP's code of business ethics and guidelines)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

- *Gallic et al. v. Appelbaum et al.*, 3:06-cv-5523-FLW-TJB (D.N.J. 2005) (repayment of $1,387,471 for backdated stock options; repricing of stock options worth potentially $8,113,847; and significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

- *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara County Aug. 9, 2006) (recovery of $2.1 million, repricing of certain allegedly backdated stock options, and significant corporate governance reforms)

- *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange County Aug. 14, 2006) (derivative litigation challenging certain allegedly backdated stock option grants settled for $522,680 and significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

- *In re Titan Corporation Derivative Litigation*, GIC 832018 (Cal. Super. Ct., San Diego County 2005) (resulting in increase in the merger consideration from $22.76 to $23.10 per share of Titan common stock; (b) a reduction in the termination fee; and (c) additional disclosures relating to the merger)

- *Ekas v. Burris, et al. (Citrix Systems, Inc.)*, 07-016114-11, (Fla. Cir. Ct., Broward County 2007) (derivative litigation challenging certain allegedly backdated stock option grants settled for significant corporate governance changes designed to strengthen the granting

of, and accounting for, stock options)

o *In Re Jabil Circuit Options Backdating Litig.*, 06-CV-01257 (M.D. Fla. 2006) (derivative litigation challenging certain allegedly backdated stock option grants settled for significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

o *Edelstein v. Brodie, et. al.*, Case No. 3:07-cv-00596-FLW-JJH (D.N.J. 2007) (derivative litigation challenging certain allegedly backdated stock option grants settled for significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

o *Soojian et al. v. Jacobs et al. f/b/o Royal Dutch Petroleum Company*, No. 04- cv-4160 (DNJ 2005) (adoption of significant corporate governance changes)

### C. Pending Securities Class Action Cases in which Stull, Stull & Brody is serving as Plaintiffs' Lead or Co-Lead Counsel

Stull, Stull & Brody is presently serving as plaintiffs' counsel in a number of pending actions in various district courts, including:

o *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litig., MDL No. 1658 (SRC)*, Case No. 2:05-CV-01151-SRC-MF, (D.N.J.); Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

o *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

o *In re Herald, Primeo and Thelma Funds Sec.* Litig., 1:09-cv-00289-RMB (S.D.N.Y.)

o *Chilton et al v. Smith Barney Fund Management LLC*,1:05-cv-07583-WHP (S.D.N.Y.)

### D. Pending Derivative Cases

o *Zucker v. Hassell, et al. (The Bank of New York Mellon Corp.)*, Index No. 112133/2011 (N.Y. Supreme Ct., New York County)

## IV.   Attorneys

Stull, Stull & Brody maintains offices in New York and Los Angeles.  The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

### A. New York Office

**Jules Brody** is a graduate of Brooklyn College, magna cum laude, and received his LL.B. from the New York University School of Law in 1964.  Mr. Brody made the Dean's List and was an editor of the Law Review.  Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May

1964.  At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class.  He was admitted to the New York State Bar in 1964.  Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967.  Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

**Edwin J. Mills** is Of Counsel to Stull, Stull & Brody.  He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977.  Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978.  He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States.  Mr. Mills has extensive experience in all aspects of securities and ERISA class action litigation, including settlement negotiation and trial, including four class actions tried to verdict in the 1990's.  Mr. Mills oversees all of the Firm's ERISA Actions, including several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving National City Corporation, Diebold, and Home Depot.  Favorable outcomes of cases litigated by Mr. Mills include the 401(k) class actions involving AOL Time Warner ($100,000,000 settlement); Tyco International ($70.525 million); Lucent Technologies ($69,000,000) and Cardinal Health ($40,000,000).

**Mark Levine** is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981.  He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts.  He has participated in the litigation of securities class actions throughout the United States. Notable cases for which Mr. Levine had substantial responsibility include: *In re American Express Financial Advisors Litigation* (S.D.N.Y. 2007) (Settlement of $100 million for misrepresentations to mutual fund purchasers and misleading practices with respect to sale of American Express financial plans); *Lasker v. Kanas* (Sup. Ct. N. Y. Co. 2007) (settlement of $20 million plus interest on behalf of shareholders of North Fork Bancorporation in connection with its merger with CapitalOne); *In re Computer Associates Sec. Litig* (E.D.N.Y. 2003) (settlement valued at $150 million in securities for corporate misrepresentation of financial results and prospects); *Spahn v. Edward Jones Company* (E.D. Mo. 2007) (settlement valued at over $110 million in cash and credits for misrepresentations in connection with the sale of mutual funds); *In re Northeast Utilities Securities* Litigation, (D. Conn. 2001); (settlement of $25 million for misrepresentations to investors regarding safety of nuclear power plant); *In Re Steven Madden Ltd. Securities Litigation* (E.D.N.Y. 2002) (settlement of $9.0 million for misrepresentation to investors by shoe retailer); *In Re: Regeneron Pharmaceuticals, Securities Litigation* (S.D.N.Y. 2005) (settlement of $4.5 million for misrepresentations to investors regarding pharmaceuticals); *Greenfield v. Compuserve Corp.* (Court of Common Pleas, Franklin County, Ohio 2000) (settlement of $9.5 million for misrepresentations in registration statement of internet company); *In re Thomas & Betts Securities Litigation* (W.D. Tenn. 2002) (settlement of over $50 million for investors for

-18-

alleged misrepresentations by technology company and its auditors); *Lasky v. Brown* (M.D. La. 2002) (settlement of $20 million for investors for misrepresentations by finance company); *In re Ziff Davis Securities Litigation* (S.D.N.Y. 2001) (settlement of $6 million for alleged misrepresentations to investors in an initial public offering); *In re Trump Hotels Shareholder Litigation* (S.D.N.Y. 2001) (obtained derivative settlement resulting in contribution to the company by its largest shareholder of an asset valued up to $10 million as well as the institution of corporate therapeutics); *In re Cityscape Financial Securities Litigation* (E.D.N.Y. 2001) (settlement of $7 million for alleged misrepresentations to investors by finance company); *In Re Cabletron Systems Securities Litigation* (D.N.H. 2006) (settlement of $10.5 million for alleged misrepresentations to investors by high tech company); *Ganesh v. Computer Learning Center* (E.D. Va. 1999) (settlement of $7.5 million for alleged misrepresentations to investors by trade school operator); *Moriarity v. Molina* (S.D. Fla. 2003) (settlement of $2.8 million for misrepresentations to investors by cell phone retailer); *In re NetEase.com, Inc. Securities Litigation* (S.D.N.Y. 2004) (settlement of $4.35 million for alleged misrepresentation to investors by internet company).

**Howard T. Longman** received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Some notable cases in which Mr. Longman had substantial responsibility include: *In Re Peregrine Securities Litigation,* Southern District of California (partial settlement valued at over $56 million), *In Re Rambus Securities Class Action Litigation*, Northern District of California, ($18 million settlement), *In Re Biopure Securities Litigation*, District of Massachusetts ($10 million settlement); *In re Geodyne Securities Litigation,* Harris County Texas and Southern District of New York ($125 million cash settlement plus contingent benefits of additional $75 million); *In Re Dreyfus Aggressive Growth Mutual Fund Litigation*, Southern District of New York ($18.5 million settlement).

**Patrick K. Slyne** received his J.D. from the University of Wyoming in 1988. He is a member of the Colorado, Connecticut and Wyoming state bars, and is admitted to practice before the United States District Courts for Wyoming, Connecticut, Eastern District of New York, and Southern District of New York, and the United States Court of Appeals for the First Circuit and Ninth Circuit. Notable cases for which Mr. Slyne had substantial responsibility include: *In re Hewlett-Packard Co. Deriv. Litig.*, (Del. 2008) (conferred substantial benefit on HP through corporate governance changes to improve the functioning, interaction and working relationships among senior HP officers and outside members of the HP board of directors); *Sadowsky v. Federal Home Loan Mortgage Corp.*, (S.D.N.Y. 2006) (assisted Freddie Mac in securing $100 million cash from D&O carriers and $9 million cash from certain counter parties for alleged breaches of fiduciary duties in accounting for and reporting of complex multi-billion dollar derivatives transactions); *In re Computer Associates Sec. Litig.*, (E.D.N.Y. 2003) (recovered 5.7 million CA shares worth $150 million for alleged improper revenue recognition on multi-year enterprise software license contracts); *In re IKON Office Solutions, Inc. Sec. Litig.*, (E.D. Pa. 2000) (recovered $111 million cash for alleged misrepresentation of earnings and prospects in office equipment leasing and services business); *In re Westinghouse Sec. Litig.*, (W.D. Pa. 1999) (recovered $67.25 million cash for alleged overstatement of financial position due to unrecognized losses in real estate portfolios); *In re Salomon Brothers Treasury Litig.*, (S.D.N.Y.

1994) (recovered $100 million cash for alleged manipulation of public market prices of U.S. Treasury securities); *In re Tenneco Inc., Sec. Litig.*, (S.D. Tex. 1992) (recovered $50 million cash for alleged overstatement of financial results for failure to mark-to-market dealer inventories of heavy machinery and equipment).

**Melissa R. Emert** received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988.  Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Aaron L. Brody** received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995.  At NYU, Mr. Brody concentrated on securities law and was a staff editor on the Review of Law and Social Change.  Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Cases in which Mr. Brody had substantial responsibility include: *In re BankAmerica Corp. Securities Litigation*, MDL No. 1264 (recovery of $333.2 million); *In re Computer Associates Securities Litigation*, Master File No. 98-CV-4839 (E.D.N.Y.) (recovery of 5.7 million shares estimated at $150 million); *Spahn v. Edward D. Jones & Co. L.P.*, 04-CV-00086  (recovery of $127.5 million); *In re American Express Financial Advisors Securities Litigation*, Civil Action No. 04-CV-1773 (S.D.N.Y.) (recovery of $118 million); and *In re Ikon Office Solutions, Inc. Securities Litigation*, MDL No. 1318 (E.D Pa.) (recovery of $111 million).

**Tzivia Brody** received her undergraduate degree from Stern College, magna cum laude, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995.  Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Jason D'Agnenica** received his undergraduate degree from Providence College in 1995, B.A., *cum laude*, and his J.D. from St. John's University School of Law in 1998.  While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic.  Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island.  Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

**Michael J. Klein** received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004.  While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review.  Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the Supreme Court of the United States,  the United States Courts of Appeals for the Second, Sixth, Ninth and Eleventh Circuits as well as the United States District Courts for the Southern District of New York, the Eastern Districts of New York, the Northern District of Illinois, the Eastern District of Wisconsin, the Eastern District of Michigan, the District of Connecticut, and the District of Colorado. Settled cases in which Mr. Klein had substantial

responsibility include: *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525m in cash; Mr. Klein participated in over eighty days of deposition); *National City Corporation Securities, Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (settlement of $43m in cash;); *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash to the company's 401(k) plan approved in August of 2009); *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash to the company's 401(k) plan); *Jones v. Novastar Financial, Inc. et al.*, 4:08-cv-00490-NKL (W.D. Mo.) (recovery of $925,000 million in cash for the company's 401(k) plan) and *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex. 2008) (recovery of $1.5 million in cash, plus plan enhancements).

### B. Los Angeles Office

**Patrice L. Bishop** received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994.  Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, the Northern District of Illinois and the United States Court of Appeals for the Eighth and Ninth Circuits.

**Timothy J. Burke** graduated magna cum laude from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995.  Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, the Central District of Illinois, and the United States Courts of Appeals for the Second and Ninth Circuits.  Notable cases in which Mr. Burke had substantial responsibility include *Small v. Fritz Co., Inc.*, 30 Cal. 4th 167 (Cal. 2003) and *In re Complete Management Inc. Sec. Litig.*, 153 F. Supp. 2d 314 (S.D.N.Y 2001).

PAUL E. GILLMOR
5TH DISTRICT, OHIO

COUNTIES: ASHLAND (PART), CRAWFORD,
DEFIANCE, FULTON, HENRY, HURON, LUCAS (PART),
MERCER (PART), PAULDING, PUTNAM, SANDUSKY, SENECA,
VAN WERT, WILLIAMS, WOOD, WYANDOT (PART)
——
DEPUTY MAJORITY WHIP



## Congress of the United States
### House of Representatives
#### Washington, DC 20515–3505
January 2, 2007

COMMITTEE ON ENERGY AND COMMERCE
SUBCOMMITTEES:
ENVIRONMENT AND HAZARDOUS MATERIALS
CHAIRMAN
TELECOMMUNICATIONS AND THE INTERNET
HEALTH

COMMITTEE ON FINANCIAL SERVICES
SUBCOMMITTEES:
CAPITAL MARKETS, INSURANCE AND
GOVERNMENT SPONSORED ENTERPRISES
FINANCIAL INSTITUTIONS AND CONSUMER CREDIT

**Via Federal Express and ECF**
The Honorable Stanley R. Chesler
United States District Judge
Martin Luther King, Jr. Federal Building
    and United States Courthouse
50 Walnut Street
Newark, NJ 08608

Re: In re Merck & Co. Inc., Securities, Shareholder Derivative and ERISA Litig.
(MDL 1658); Case No. 3:05-cv-01151 SRC-MF

Dear Judge Chesler:

I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina. In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs. That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial, net of attorneys fees, expenses and administrate fees.

During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negations, litigation strategy, pending motions, court rulings and trial preparation. I would regularly speak to counsel by telephone at which time the foregoing topics would typically be discussed and I would have the opportunity to ask questions and provide input.

Respectfully submitted,

Paul E. Gillmor

WASHINGTON
1203 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-3505
202-225-6405

DEFIANCE
613 WEST THIRD STREET
DEFIANCE, OH 43512
419-782-1996

NORWALK
130 SHADY LANE DRIVE
NORWALK, OH 44857
419-668-0206

TIFFIN
55 SOUTH WASHINGTON STREET, SUITE 400
TIFFIN, OH 44883
419-448-9019

http://www.house.gov/gillmor   TOLL FREE IN OHIO 1-800-541-8446   TOLL FREE FAX IN OHIO 1-800-278-8203

**EXHIBIT 1**

*In re Textron, Inc. ERISA Litigation*, Civil Action No. 09-383-ML (D.R.I.)

**STULL, STULL & BRODY**

**TIME REPORT — Inception through October 8, 2013**

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **ATTORNEYS:** | | | |
| Edwin J. Mills | 100.00 | $925.00 | $92,500.00 |
| Mark Levine | 196.25 | $875.00 | $171,718.75 |
| Melissa Emert | 432.00 | $725.00 | $313,200.00 |
| Michael Klein | 289.86 | $715.00 | $207,249.90 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| David Sheets | 14.25 | $295.00 | $4,203.75 |
| Maksim Fuchs | 317.94 | $295.00 | $93,792.30 |
| Paul Berney | 10.25 | $295.00 | $3,023.75 |
| Paul Harrigan | 207.75 | $295.00 | $61,286.25 |
| Antonio Arthur | 8.25 | $290.00 | $2,392.50 |
| Karyn Mullin | 17.25 | $290.00 | $5,002.50 |
| **TOTALS:** | **1,576.55** | | **$954,369.70** |

**EXHIBIT 2**

*In re Textron, Inc. ERISA Litigation*, **Civil Action No. 09-383-ML (D.R.I.)**

**STULL, STULL & BRODY**

**EXPENSE REPORT — Inception through October 8, 2013**

| <u>Categories</u>: | <u>Amount</u> |
|---|---:|
| Photocopying/Reproduction | $792.50 |
| Postage/Notice Costs/Messengers/Express Services | $808.89 |
| Telephone (conference calls) | $188.53 |
| Filing/Witness Fees | $500.00 |
| Court Reporters/Transcript/Video | $354.50 |
| Computer Research (Lexis, Pacer, etc.) | $4,091.76 |
| Out-of-Town Meals/Hotel/Transportation | $4,570.92 |
| Litigation Fund Assessments | $8,500.00 |
| Charge from Textron for ERISA Section 104(b) documents | $78.25 |
| **TOTAL EXPENSES:** | **$19,885.35** |

**EXHIBIT 3**

## STULL, STULL & BRODY
ATTORNEYS AT LAW

6 EAST 45TH STREET
SUITE 500
NEW YORK, NY 10017
TELEPHONE: (212) 687-7230
FACSIMILE: (212) 490-2022

9430 W. Olympic Boulevard
Suite 400
Beverly Hills, California 90212
TELEPHONE: (310) 209-2468
FACSIMILE: (310) 209-2087

## F I R M   R É S U M É

## I.   Introduction

Stull, Stull & Brody's excellent litigating and results have been recognized for over forty years. Stull, Stull & Brody has offices in New York City and Los Angeles, enabling the firm to efficiently handle class actions on a nationwide basis. Due to the consistency and seniority of its attorneys, including six attorneys who have each been with the firm for more than twenty years and an additional six attorneys who have each been with the firm for more than seven years, we are able to leverage vast experience efficiently and effectively. Stull, Stull & Brody consistently delivers favorable results on behalf of the classes that it represents. Because of its successes over the past 40-plus years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in complex class action and derivative cases. With twelve attorneys, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation. Our lawyers possess outstanding credentials and our firm has repeatedly been acknowledged for its outstanding achievements.

Recently the firm has concentrated, in large part, on protecting the rights of retirement plan participants under Employee Retirement Income Security Act's ("ERISA") duties of prudence and loyalty. Stull, Stull & Brody has been one of the pioneers of ERISA company stock fund litigations since the filing of *In re Lucent Technologies, Inc. ERISA Litig.*, which was one of the first cases of its kind (described in more detail below, and which the *Lucent* Court recognized as "new ground").

Stull, Stull & Brody has been on the forefront of ERISA company stock fund litigations since their inception. The firm has briefed and continues to brief cutting-edge legal arguments and analyses to maximize its recoveries on behalf of 401(k) plans and plans participants. As recently recognized by Judge Robinson of the United States District Court for the District of Delaware, "SS&B's ERISA litigation experience, particularly litigation appearing similar to the issue at bar, indicates extensive experience and knowledge of applicable law…. SS&B's experience includes many high-yield cases . . . Furthermore … SS&B, has served as co-lead counsel in five of the largest recoveries in ERISA class action suits involving imprudent investment of retirement plan savings in company stock." *In Re: Wilmington Trust Corp. ERISA Litig.,* 1:11-cv-00101-SD (D. Del. Mar. 15, 2102).

The firm has represented claimants in numerous class actions alleging ERISA violations. In these ERISA actions, Stull, Stull & Brody has recovered hundreds of millions of dollars on behalf of 401(k) plan participants for alleged violations of ERISA's fiduciary duties. Stull, Stull & Brody has extensively briefed all aspects of these ERISA company stock fund litigations, including summary judgment briefings on liability and damages. The *In re AOL Time Warner*

*ERISA Litigation* Court noted that Stull, Stull & Brody and co-lead counsel's recovery in that case was "one of the largest ERISA settlements to date" and it remains the second largest recovery in an ERISA stock fund litigation to date.[3] In total, Stull, Stull & Brody has been court-appointed lead counsel (six times) or liaison counsel (twice) for the plaintiffs in eight of the twenty largest recoveries in such ERISA cases.[4]

## A. Settled ERISA Actions

o *In re AOL Time Warner ERISA Litig.*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

o *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004) (Stull, Stull & Brody served as liaison counsel for the class in a case which recovered a payment of $79 million to the company's 401(k) plan)

o *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525m in cash; over 80 million pages of discovery were produced to counsel and over 250 days of deposition were taken)

o *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

o *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

o *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

o *National City Corporation Securities, Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (recovery of $43 million in cash to the company's 401(k) plan)

o *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

o *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash to the company's 401(k) plan approved in August of 2009)

o *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

---

[3] *See* ERISA Class Action Settlements & Attorney Fees chart maintained by Fiduciary Counselors Inc., *available at* http://www.erisasettlements.com/press/ERISA-Chart.pdf.

[4] *See* Fiduciary Counselors Chart, *supra*, and Settled ERISA Actions, Section I.A, *infra*.

o   *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

o   *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash to the company's 401(k) plan)

o   *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

o   *Walter v. Level 3 Communications, Inc.*, 1:09-cv-00658-REB (D. Colo.) ($3.2 million recovery for the class)

## II.   Courts Routinely Recognize the Excellence of Stull, Stull & Brody in ERISA Litigations

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of ERISA litigation as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role.  For example:

> Counsel take justifiable pride in their accomplishments.  The quality of their filings was impressive.  Counsel defeated well developed motions to dismiss, filed by skilled and renowned defense lawyers.  Even more importantly, they used the mediation process to persuade reluctant and determined defendants to part with settlement dollars well above those expected.
>
> The service was praiseworthy in all respects. . . .

*In re AOL Time Warner, Inc. Securities and ERISA Litig.*, No. 02-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 30, approved by the Court by Memorandum Opinion dated October 26, 2007; *id.* at 37 (noting that Stull, Stull & Brody and co-counsel's obtaining an additional $30 million recovery for the class in addition to the independent fiduciary's expected settlement value of $70 million "stands out as some of the hardest work and most outstanding results" and finding that "counsel exceeded the expectations of the independent fiduciary and stretched the defendants' settlement tolerances beyond their limits."); *id.* at 42-43 (recognizing counsel's "commendable work and their fidelity to the class in the face of risks."); *id.* at 32 (*"**[T]he extra mile traveled by counsel to obtain a $100 million settlement for the class**, an amount substantially above what experts considered fair and what seemed achievable."*) (emphasis added).

As recognized by the court in *In re Lucent Technologies, Inc. ERISA Litig.*:

> [Stull, Stull & Brody and co-counsel] vigorously and aggressively pursued every possible source of value, even achieving meaningful therapeutic relief.  The Settlement is reasonable in light of the best possible recovery and represents [] a very substantial portion of the *likely* recovery in this case. . . .
>
> . . . As noted above, Plaintiffs were embarking on "new ground" in pursuing this litigation[.]   Plaintiffs could rely on only a single favorable case, *Ikon*, at the time.  With little case law and challenging substantive proofs ahead, the outcome of the lawsuit was, at best, questionable.

Case No. 10-cv-3491 (S.D.N.Y.) (Opinion and Order, March 15, 2004, at p. 21) (Pisano, J.) (emphasis in original); *see also Reinhart v. Lucent Techs., Inc.* (*In re Lucent Techs., Inc. Sec. Litig.*), 327 F. Supp. 2d 426, 446 (D.N.J. 2004):

> This case involved alleged breaches of fiduciary duties relevant to Lucent stock funds held by 401k plan participants. This type of ERISA claims is novel - so much so, that Lucent and its insurers initially contended that the ERISA Class could not recover even if the Class proved the alleged fraud. The ERISA Class, however, maintained its claims and sought monetary damages to recoup their losses and therapeutic changes to the structure of the Plans, particularly the LTSSP. . . .

As recognized by the court in *In re Cardinal Health, Inc. ERISA Litig.*:

> Each firm has an impressive resume and is qualified to be lead counsel, but the Court finds the McKeehan Plaintiffs' proposed counsel, Schatz & Nobel and Stull, Stull & Brody, will best be able to represent fairly and adequately the class because of their extensive experience in ERISA litigation. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

225 F.R.D. 552, 556 (S.D. Ohio 2005); *id.* ("[Co-counsel and] Stull, Stull & Brody have also demonstrated a commitment to identifying and investigating potential claims in the action").

> [A] high level of skill in this area of the law was necessary to perform the legal services in this case properly[.]   Plaintiffs' counsel possessed the requisite level of experience, reputation and ability in the field of ERISA class actions and other complex litigation[.] the high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case.  This was demonstrated by their successful and commendable prosecution of this case through the

motion to dismiss stage and the ultimate settlement of this case under favorable terms.");

*In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 335; *id.* at 33 ("the results obtained by virtue of the settlement are extraordinary compared to the anticipated difficulties of establishing significant amounts of damages even if plaintiffs could have overcome the numerous obstacles for establishing liability"); *see also In re Tyco International, Ltd. Securities Litig.*, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (finding that Stull, Stull & Brody and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." and that Stull, Stull & Brody and its co-counsel "have demonstrated their consistent commitment to this case by filing several well-argued briefs with the Court on a range of issues"); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel).

### A. Pending ERISA Class Action Cases in which Stull, Stull & Brody is serving as Plaintiffs' Lead or Co-Lead Counsel

o   *Metyk v. Keycorp et al.*, 1:10-cv-02112-DCN (N.D. Ohio) (on appeal)

o   *Lipman v. Terex Corp.*, 3:10-cv-00006-RNC (D. Conn.)

o   *In Re: Wilmington Trust Corp. ERISA Litig.*,1:11-cv-00101-SD (D. Del.) (recognizing that "SS&B's ERISA litigation experience, particularly litigation appearing similar to the issue at bar, indicates extensive experience and knowledge of applicable law.")

o   *In Re SunTrust Banks, Inc. ERISA Litig.*, 1:08-cv-03384-RWS (N.D. Ga.) (appeal forthcoming)

o   *Griffin v. Flagstar Bancorp, Inc.*, 2:10-cv-10610-PDB-MKM (E.D. Mich) (settlement pending)

### B. Pending ERISA Action which Stull, Stull & Brody is prosecuting but has not been officially appointed as Plaintiffs' Lead or Co-Lead Counsel

o   *In re Textron, Inc. ERISA Litigation*, 09-383-ML-LDA (D. R.I.) (settlement pending)

o   *Kenney v. State Street Corp*, No. 09-10750-PBS (D. Mass.)

o   *Ragan v. Advanta Corp.*, 2:09-cv-04974-CMR (E.D. Pa.) (settlement pending)

o   *Zimlich v. Lender Processing Services, Inc.*, 3:13-cv-00205 (M.D. Fl.)

### III.   Stull, Stull & Brody Has Substantial Experience in other Complex Litigations

Throughout its 40 year history, Stull, Stull & Brody has been involved with a number of seminal cases that have significantly affected the landscape of securities litigation.  Indeed, Stull, Stull & Brody has handled every aspect of complex class action litigation, including initial investigation, extensive pre-trial discovery, trial, post-trial motions, and appeals.  Stull, Stull & Brody has been involved in a host of such litigations, having successfully represented plaintiffs, as a lead counsel, in hundreds of cases recovering billions of dollars in damages on behalf of investors.

The firm's efforts have been recognized, as reflected in the letter annexed hereto, by a late member of the United States Congress, the Representative Paul E. Gillmor, Rep. Ohio 5th District.  As The Honorable Paul E. Gillmor wrote to The Honorable Stanley E. Chesler, U.S.D.J. on January 2, 2007, in connection with the *In re Merck & Co., Inc. Securities, Shareholder Derivative and ERISA Litig.*, (MDL 1658); Case no 3:05-CV-01151:

> I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina.  In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs.  That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial net of attorneys fees, expenses and administration fees.
>
> During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negotiations, litigation strategy, pending motions, court rulings and trial preparation.  I would regularly speak to counsel by telephone at which time the foregoing topics would typically be discussed and I would have the opportunity to ask questions and provide input.

In addition, for over the past thirty years Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation.  The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation.

*Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D.N.Y. 1976).

The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalism, and in the court's view efficiency of these firms, so there is no question in the court's mind of the quality of the representation.

*In re American Express Fin'l Advisors Sec. Litig.,* 04 Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

[T]his is one of the largest, if not the largest, securities fraud settlements in this district.  The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency investigation and so prosecuted the case without assistance. . . .  The management of the case was also of extremely high quality. . . . [C]lass counsel is of high caliber and has extensive experience in similar class action litigation.  Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . .  The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines.

*In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession.  They are the top of the line.

*In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. Sept. 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions.  The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement.

*Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved."  *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back

to the shareholders of this corporation some moneys [sic] as a result
of certain things which occurred during the course of the operation of
this corporation which perhaps should not have occurred.

*Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

Stull, Stull & Brody's expertise in the field of securities litigation has also been recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D.N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452 (ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.); *Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979, Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347 (Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT (C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879 (E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y. 1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 95,738 (E.D.N.Y. 1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

Seminal decisions in which Stull, Stull & Brody has been involved include:

o   In the *Lucent ERISA* litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company.  Stull, Stull & Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues.  The District Court ultimately ruled that "resolution of the securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."  *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005)

o   In *Merck & Co., Inc., v. Reynolds*, No. 08-905, ___ U.S. ____, 130 S. Ct. 1784, 2010 U.S. LEXIS 3671 (April 27, 2010), in a case brought on behalf of investors in Merck securities alleging that they were defrauded due to misrepresentations made by Merck, the United States Supreme Court issued a ruling making it easier for defrauded investors to file actions claiming violation of the Securities Exchange Act of 1934 by holding that the statute of limitations does not begin to run on investors  not only until the time an investor should have known that a false statement was made but also until the time that the investor should have known that the statement was either knowingly or recklessly made.

o   In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation

requirement.

o In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation.  The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

o In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

o In *In re Cabletron Systems, Inc. Securities Litig.*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act.  This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

o In *In re Frontier Group Insurance Litig.*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

o In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988), the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

o The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), cert. denied, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F. Supp. 254 (N.D. Ill. 1981).

o In *Howard v. Everex*, 228 F.3d 1057 (9th Cir. 2000), Stull, Stull & Brody successfully advocated that a corporate officer can be liable in a private antifraud action for signing a document filed with the SEC that he knows (or is reckless in not knowing) contained misrepresentations, even if the officer was not involved in preparing the document.  The 9th Circuit decision was a precursor to Section 302(a) of the Sarbanes-Oxley Act of 2002 which now requires corporate officers that sign documents filed with the SEC to certify the accuracy of information therein.

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering over one billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

## A. Settled Securities Class Action Cases

o In *In re Initial Public Offerings Securities Litig.*, MDL No. 1264 (S.D.N.Y. 2009) (Stull, Stull & Brody served as one of six members of Plaintiffs' Executive Committee, which recovered

$586 million)

o *In re Bankamerica Corp. Securities Litig.*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

o *In re Geodyne Resources, Inc. Securities Litig.* (Harris County Tex.) (recovery of $125 million cash settlement plus contingent benefits of additional $75 million)

o *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

o *Spahn v. Edward D. Jones & Co., L.P. et al.*, 04-CV-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credits for current Edward Jones customers and $55 million in cash for former Edward Jones customers.  In addition, defendants paid all reasonable costs and expenses of class notice and settlement administration)

o *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006, S.D. Ca. 2009) (recovery of $117,567,922)

o *In re American Express Financial Advisors Sec. Litig.*, 04-CV-1773 (S.D.N.Y.) (recovery of $100 million in cash and implementation of significant remedial measures.  In addition, defendants paid all reasonable costs of class notice and settlement administration, which is currently estimated to be $15 to 18 million)

o *In re Ikon Office Solutions, Inc. Securities Litig.*, MDL No. 1318 (E.D. Pa. May 9, 2000) (recovery of $111 million)

o *In re Salomon Brothers Treasury Litig.*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

o *In re Priceline.com, Inc. Sec. Litig.*, Master File No. 3:00CV01884 (AVC) (D. Conn.) (recovery of $80 million)

o *In re Westinghouse Securities Litig.,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

o *Bachman v. AG Edwards, Inc., et al.*, Cause No. 22052-01266-02 (Mo. Cir. Ct.) (recovery of $60 million)

o *In re Thomas & Betts Securities Litig.*, Case No. 00-2127 (W.D. Tenn. 2002) - related case:  *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 million)

o *In re Tenneco Inc. Securities Litig.*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

o *In re Apria Healthcare Group Securities Litig.*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- o  *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- o  *In re Cannon Group Securities Litig.*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- o  *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- o  *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- o  *In re: Northeast Utilities Securities Litig.*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- o  *Lasky v. Brown (United Companies Financial Corporation) Securities Litig.*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

- o  *Lasker et al v. Kanas et. Al.*, (North Fork Bancorporation), Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

- o  *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- o  *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- o  *In re Rambus, Inc. Securities Litig.*, Master File No. C-06-4346-JF  (N.D. Cal. 2008) (recovery of $18.33 million)

- o  *In re C.R. Bard, Inc. Securities Litig.*, Master File No. 90-948 (AMW) (D.N.J. 1991) (recovery of $17.9 million)

- o  *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- o  *In re Rhythms Sec. Litig.*, Civil Action No. 02-K-35 (GCL) (D. Co.) (recovery of $17.5 million)

- o  *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

- o  *In re Green Tree Financial Corporation Stock Litig.*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- o  *In re Elscint Securities Litig.*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- o  *In re National Medical Enterprises Securities Litig. II*, Case No. CV 93-5224 TJH (Bx)

(C.D. Ca.) (recovery of $11.65 million)

o *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

o *In re Cybermedia, Inc. Securities Litig.*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

o *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

o *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

o *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

o *In re U.S.A. Detergent Securities Litig.,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

o *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

o *In re Nice Systems, Ltd. Securities Litig.*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

o *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

o *In re Beverly Enterprises, Inc. Securities Litig.*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

o *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

o *In re Stratosphere Securities Litig.*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

o *In re Steven Madden Ltd. Securities Litig.*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

o *In re Gibraltar Financial Corporation Securities Litig.*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

o *In re FHP Securities Litig.*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

o *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

o *In re Orion Pictures Corp. Securities Litig.*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y.

1992) (recovery of $8 million)

o   *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

o   *In re Triton Energy Corporation Securities Litig.*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

o   *Ganesh v. Computer Learning Center* (E.D. Va. 1999).  Settlement of $7.5 million for alleged misrepresentations to investors by trade school operator.

o   *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn. 2008) (recovery of $7.5 million)

o   *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

o   *In re Dime Savings Bank of New York Securities Litig.*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

o   *In re Western Digital Securities Litig.*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

o   *In re Bank of New England Corporation Class Action and Shareholder Litig.*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

o   *Bobbitt v. Andrew J. Filipowski, et al.*, No. 06-11072-PBS (D. Mass. 2008) (recovery of $6.3 million)

o   *In re Berkshire Realty Company, Inc. Shareholder Litig.*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

o   *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

o   *In re Ziff-Davis, Inc. Securities Litig.*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

o   *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial 8District, Harris County, Texas (recovery of $6 million)

o   *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J. 2011) (recovery of $5.5 million)

o   *In re Ascend Communications Securities Litig.*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

o   *In re Brightpoint, Inc. Securities Litig.*, Case No.  IP 01 1796 C-T/K (recovery of $5.25 million)

o   *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of

$5 million)

o *In re SouthEast Banking Corp. Securities Litig.*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

o *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

o *In Re: Interlink Electronics Inc. Sec. Litig.*, 05-CV 08133 (AG) (SH) (C.D. Cal. 2009) (recovery of $5 million)

o *In re Regeneron Pharmaceuticals, Inc. Securities Litig.,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

o *In re Sunglass Hut Intl., Inc. Securities Litig.*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

o *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

o *In re Fidelity Holdings Securities Litig.*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

o *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

o *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

o *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

o *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

o *In re HMO America Securities Litig.*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

o *In re Nanophase Technologies Corporation Securities Litig.*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

o *In re Quintex Securities Litig.*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

o *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

o *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

o *In re iTurf Inc. Shareholders Litig.*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

o *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

o *In re Kay Jewelers Securities Litig.*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

o *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

o *In re TwinLab Corp. Securities Litig.*, Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

o *In re Spectrian Corp. Securities Litig.*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

o *In re Arotech Corp. Securities Litig.*, Master File No. 07-CV-1838 (RJD) (VVP) (recovery of $2.9 million)

o *In re Mutual Funds Investment Litig.*, MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.*, Case No. 04-cv-3798-JFM (D. Md.) (recovery of $2.83 million)

o *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

o *In re Peritus Software Services, Inc. Securities Litig.*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

o *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

o *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

o *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

o *In Re: Columbia Entities Litig.*, 04-CV-11704 (D. Mass. 2004) (reduction in the overall rate charged as advisory fees (i.e., "breakpoints) when the mutual funds advised by the advisers reach certain levels of assets under management, enhanced shareholder communications, and a $100,000 contribution to research expenses for the benefit of some or all of the settling funds)

## B. Settled Derivative Actions

o *Esther Sadowsky Testamentary Trust, et al. v. Brendsel, et al. (Federal Home Loan Mortgage Corporation)*, 05-cv-2596 (Oct. 27, 2006) (recovery of approximately $100 million as well as significant corporate governance measures)

o *In re Bank of New York Corporate Derivative Litigation*, Index No. 604465/99 (Sup. Ct. NY) (recovery of $26.5 million for the company; and (b) the adoption of significant corporate governance measures)

o *In re FirstEnergy Shareholder Derivative Litigation, 03-CV-1826 (N.D. Oh. 2003) (recovery of approximately $25 million* and the adoption of significant corporate governance measures)

o *In re Hewlett-Packard Company Derivative Litig.*, 1:06-cv-071186 (Cal. Super. Ct., Santa Clara County 2006), 2426-VCN (Delaware Chancery Court 2006) (derivative action stemming from the board of directors' alleged leak of an investigation that ultimately led to the firing/resignation of various high level officers and directors of HP. Substantial corporate governance reforms were instituted as part of the settlement, with HP's special litigation committee agreeing to undertake numerous widespread corporate governance changes directed toward HP's code of business ethics and guidelines)

o *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

o *Gallic et al. v. Appelbaum et al.*, 3:06-cv-5523-FLW-TJB (D.N.J. 2005) (repayment of $1,387,471 for backdated stock options; repricing of stock options worth potentially $8,113,847; and significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

o *In re Foundry Networks, Inc. Deriv. Litig.*, 1:06-cv-068878 (Cal. Super. Ct., Santa Clara County Aug. 9, 2006) (recovery of $2.1 million, repricing of certain allegedly backdated stock options, and significant corporate governance reforms)

o *Lasker v. Massengill (In re State Court Western Digital Corp. Deriv. Litig.)*, 06-CC-00159 (Cal. Super. Ct., Orange County Aug. 14, 2006) (derivative litigation challenging certain allegedly backdated stock option grants settled for $522,680 and significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

o *In re Titan Corporation Derivative Litigation*, GIC 832018 (Cal. Super. Ct., San Diego County 2005) (resulting in increase in the merger consideration from $22.76 to $23.10 per share of Titan common stock; (b) a reduction in the termination fee; and (c) additional disclosures relating to the merger)

o *Ekas v. Burris, et al. (Citrix Systems, Inc.)*, 07-016114-11, (Fla. Cir. Ct., Broward County 2007) (derivative litigation challenging certain allegedly backdated stock option grants settled for significant corporate governance changes designed to strengthen the granting

of, and accounting for, stock options)

○ *In Re Jabil Circuit Options Backdating Litig.*, 06-CV-01257 (M.D. Fla. 2006) (derivative litigation challenging certain allegedly backdated stock option grants settled for significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

○ *Edelstein v. Brodie, et. al.*, Case No. 3:07-cv-00596-FLW-JJH (D.N.J. 2007) (derivative litigation challenging certain allegedly backdated stock option grants settled for significant corporate governance changes designed to strengthen the granting of, and accounting for, stock options)

○ *Soojian et al. v. Jacobs et al. f/b/o Royal Dutch Petroleum Company*, No. 04- cv-4160 (DNJ 2005) (adoption of significant corporate governance changes)

### C. Pending Securities Class Action Cases in which Stull, Stull & Brody is serving as Plaintiffs' Lead or Co-Lead Counsel

Stull, Stull & Brody is presently serving as plaintiffs' counsel in a number of pending actions in various district courts, including:

○ *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litig., MDL No. 1658 (SRC)*, Case No. 2:05-CV-01151-SRC-MF, (D.N.J.); Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

○ *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

○ *In re Herald, Primeo and Thelma Funds Sec.* Litig., 1:09-cv-00289-RMB (S.D.N.Y.)

○ *Chilton et al v. Smith Barney Fund Management LLC*,1:05-cv-07583-WHP (S.D.N.Y.)

### D. Pending Derivative Cases

○ *Zucker v. Hassell, et al. (The Bank of New York Mellon Corp.)*, Index No. 112133/2011 (N.Y. Supreme Ct., New York County)

## IV.   Attorneys

Stull, Stull & Brody maintains offices in New York and Los Angeles.  The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

### A. New York Office

**Jules Brody** is a graduate of Brooklyn College, magna cum laude, and received his LL.B. from the New York University School of Law in 1964.  Mr. Brody made the Dean's List and was an editor of the Law Review.  Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May

1964.  At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class.  He was admitted to the New York State Bar in 1964.  Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967.  Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

**Edwin J. Mills** is Of Counsel to Stull, Stull & Brody.  He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977.  Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978.  He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States.  Mr. Mills has extensive experience in all aspects of securities and ERISA class action litigation, including settlement negotiation and trial, including four class actions tried to verdict in the 1990's.  Mr. Mills oversees all of the Firm's ERISA Actions, including several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving National City Corporation, Diebold, and Home Depot.  Favorable outcomes of cases litigated by Mr. Mills include the 401(k) class actions involving AOL Time Warner ($100,000,000 settlement); Tyco International ($70.525 million); Lucent Technologies ($69,000,000) and Cardinal Health ($40,000,000).

**Mark Levine** is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981.  He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts.  He has participated in the litigation of securities class actions throughout the United States. Notable cases for which Mr. Levine had substantial responsibility include: *In re American Express Financial Advisors Litigation* (S.D.N.Y. 2007) (Settlement of $100 million for misrepresentations to mutual fund purchasers and misleading practices with respect to sale of American Express financial plans); *Lasker v. Kanas* (Sup. Ct. N. Y. Co. 2007) (settlement of $20 million plus interest on behalf of shareholders of North Fork Bancorporation in connection with its merger with CapitalOne); *In re Computer Associates Sec. Litig* (E.D.N.Y. 2003) (settlement valued at $150 million in securities for corporate misrepresentation of financial results and prospects); *Spahn v. Edward Jones Company* (E.D. Mo. 2007) (settlement valued at over $110 million in cash and credits for misrepresentations in connection with the sale of mutual funds); *In re Northeast Utilities Securities* Litigation, (D. Conn. 2001); (settlement of $25 million for misrepresentations to investors regarding safety of nuclear power plant); *In Re Steven Madden Ltd. Securities Litigation* (E.D.N.Y. 2002) (settlement of $9.0 million for misrepresentation to investors by shoe retailer); *In Re: Regeneron Pharmaceuticals, Securities Litigation* (S.D.N.Y. 2005) (settlement of $4.5 million for misrepresentations to investors regarding pharmaceuticals); *Greenfield v. Compuserve Corp.* (Court of Common Pleas, Franklin County, Ohio 2000) (settlement of $9.5 million for misrepresentations in registration statement of internet company); *In re Thomas & Betts Securities Litigation* (W.D. Tenn. 2002) (settlement of over $50 million for investors for

-18-

alleged misrepresentations by technology company and its auditors); *Lasky v. Brown* (M.D. La. 2002) (settlement of $20 million for investors for misrepresentations by finance company); *In re Ziff Davis Securities Litigation* (S.D.N.Y. 2001) (settlement of $6 million for alleged misrepresentations to investors in an initial public offering); *In re Trump Hotels Shareholder Litigation* (S.D.N.Y. 2001) (obtained derivative settlement resulting in contribution to the company by its largest shareholder of an asset valued up to $10 million as well as the institution of corporate therapeutics); *In re Cityscape Financial Securities Litigation* (E.D.N.Y. 2001) (settlement of $7 million for alleged misrepresentations to investors by finance company); *In Re Cabletron Systems Securities Litigation* (D.N.H. 2006) (settlement of $10.5 million for alleged misrepresentations to investors by high tech company); *Ganesh v. Computer Learning Center* (E.D. Va. 1999) (settlement of $7.5 million for alleged misrepresentations to investors by trade school operator); *Moriarity v. Molina* (S.D. Fla. 2003) (settlement of $2.8 million for misrepresentations to investors by cell phone retailer); *In re NetEase.com, Inc. Securities Litigation* (S.D.N.Y. 2004) (settlement of $4.35 million for alleged misrepresentation to investors by internet company).

**Howard T. Longman** received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982.  Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.  Some notable cases in which Mr. Longman had substantial responsibility include: *In Re Peregrine Securities Litigation,* Southern District of California (partial settlement valued at over $56 million), *In Re Rambus Securities Class Action Litigation*, Northern District of California, ($18 million settlement), *In Re Biopure Securities Litigation*, District of Massachusetts ($10 million settlement); *In re Geodyne Securities Litigation,* Harris County Texas and Southern District of New York ($125 million cash settlement plus contingent benefits of additional $75 million); *In Re Dreyfus Aggressive Growth Mutual Fund Litigation*, Southern District of New York ($18.5 million settlement).

**Patrick K. Slyne** received his J.D. from the University of Wyoming in 1988.  He is a member of the Colorado, Connecticut and Wyoming state bars, and is admitted to practice before the United States District Courts for Wyoming, Connecticut, Eastern District of New York, and Southern District of New York, and the United States Court of Appeals for the First Circuit and Ninth Circuit.  Notable cases for which Mr. Slyne had substantial responsibility include: *In re Hewlett-Packard Co. Deriv. Litig.*, (Del. 2008) (conferred substantial benefit on HP through corporate governance changes to improve the functioning, interaction and working relationships among senior HP officers and outside members of the HP board of directors); *Sadowsky v. Federal Home Loan Mortgage Corp.*, (S.D.N.Y. 2006) (assisted Freddie Mac in securing $100 million cash from D&O carriers and $9 million cash from certain counter parties for alleged breaches of fiduciary duties in accounting for and reporting of complex multi-billion dollar derivatives transactions); *In re Computer Associates Sec. Litig.*, (E.D.N.Y. 2003) (recovered 5.7 million CA shares worth $150 million for alleged improper revenue recognition on multi-year enterprise software license contracts); *In re IKON Office Solutions, Inc. Sec. Litig.*, (E.D. Pa. 2000) (recovered $111 million cash for alleged misrepresentation of earnings and prospects in office equipment leasing and services business); *In re Westinghouse Sec. Litig.*, (W.D. Pa. 1999) (recovered $67.25 million cash for alleged overstatement of financial position due to unrecognized losses in real estate portfolios); *In re Salomon Brothers Treasury Litig.*, (S.D.N.Y.

1994) (recovered $100 million cash for alleged manipulation of public market prices of U.S. Treasury securities); *In re Tenneco Inc., Sec. Litig.,* (S.D. Tex. 1992) (recovered $50 million cash for alleged overstatement of financial results for failure to mark-to-market dealer inventories of heavy machinery and equipment).

**Melissa R. Emert** received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988. Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Aaron L. Brody** received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995. At NYU, Mr. Brody concentrated on securities law and was a staff editor on the Review of Law and Social Change. Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Cases in which Mr. Brody had substantial responsibility include: *In re BankAmerica Corp. Securities Litigation*, MDL No. 1264 (recovery of $333.2 million); *In re Computer Associates Securities Litigation*, Master File No. 98-CV-4839 (E.D.N.Y.) (recovery of 5.7 million shares estimated at $150 million); *Spahn v. Edward D. Jones & Co. L.P.*, 04-CV-00086 (recovery of $127.5 million); *In re American Express Financial Advisors Securities Litigation*, Civil Action No. 04-CV-1773 (S.D.N.Y.) (recovery of $118 million); and *In re Ikon Office Solutions, Inc. Securities Litigation*, MDL No. 1318 (E.D Pa.) (recovery of $111 million).

**Tzivia Brody** received her undergraduate degree from Stern College, magna cum laude, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**Jason D'Agnenica** received his undergraduate degree from Providence College in 1995, B.A., *cum laude*, and his J.D. from St. John's University School of Law in 1998. While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic. Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

**Michael J. Klein** received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the Supreme Court of the United States,  the United States Courts of Appeals for the Second, Sixth, Ninth and Eleventh Circuits as well as the United States District Courts for the Southern District of New York, the Eastern Districts of New York, the Northern District of Illinois, the Eastern District of Wisconsin, the Eastern District of Michigan, the District of Connecticut, and the District of Colorado. Settled cases in which Mr. Klein had substantial

responsibility include: *Overby v. Tyco International, Ltd.*, Case No. 02-CV-1357-B (D.N.H.) (settlement of $70.525m in cash; Mr. Klein participated in over eighty days of deposition); *National City Corporation Securities, Derivative & ERISA Litig.*, 1:08-cv-07000-PAG (N.D. Ohio) (settlement of $43m in cash;); *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.) (a settlement of $17 million cash to the company's 401(k) plan approved in August of 2009); *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio) (recovery of $4.5 million in cash to the company's 401(k) plan); *Jones v. Novastar Financial, Inc. et al.*, 4:08-cv-00490-NKL (W.D. Mo.) (recovery of $925,000 million in cash for the company's 401(k) plan) and *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex. 2008) (recovery of $1.5 million in cash, plus plan enhancements).

### B. Los Angeles Office

**Patrice L. Bishop** received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, the Northern District of Illinois and the United States Court of Appeals for the Eighth and Ninth Circuits.

**Timothy J. Burke** graduated magna cum laude from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, the District of Colorado, the Central District of Illinois, and the United States Courts of Appeals for the Second and Ninth Circuits. Notable cases in which Mr. Burke had substantial responsibility include *Small v. Fritz Co., Inc.*, 30 Cal. 4th 167 (Cal. 2003) and *In re Complete Management Inc. Sec. Litig.*, 153 F. Supp. 2d 314 (S.D.N.Y 2001).

PAUL E. GILLMOR
5TH DISTRICT, OHIO

COUNTIES: ASHLAND (PART), CRAWFORD,
DEFIANCE, FULTON, HENRY, HURON, LUCAS (PART),
MERCER (PART), PAULDING, PUTNAM, SANDUSKY, SENECA,
VAN WERT, WILLIAMS, WOOD, WYANDOT (PART)

DEPUTY MAJORITY WHIP



COMMITTEE ON ENERGY AND COMMERCE

SUBCOMMITTEES:
ENVIRONMENT AND HAZARDOUS MATERIALS
CHAIRMAN
TELECOMMUNICATIONS AND THE INTERNET
HEALTH

COMMITTEE ON FINANCIAL SERVICES

SUBCOMMITTEES:
CAPITAL MARKETS, INSURANCE AND
GOVERNMENT SPONSORED ENTERPRISES
FINANCIAL INSTITUTIONS AND CONSUMER CREDIT

# Congress of the United States
## House of Representatives
### Washington, DC 20515–3505

January 2, 2007

**Via Federal Express and ECF**

The Honorable Stanley R. Chesler
United States District Judge
Martin Luther King, Jr. Federal Building
    and United States Courthouse
50 Walnut Street
Newark, NJ 08608

Re: In re Merck & Co, Inc., Securities, Shareholder Derivative and ERISA Litig.
(MDL 1658); Case No. 3:05-cv-01151 SRC-MF

Dear Judge Chesler:

I was one of the court appointed lead plaintiffs in *In re Safety-Kleen Rollins Shareholders Litigation*, Civil Action No. 3:00-CV1343-17, which was pending before Judge Joseph Anderson in the District of South Carolina. In that case, which alleged, among other things, violation of the Securities Exchange Act of 1934, I and the other court appointed lead plaintiffs selected Stull, Stull & Brody to be one of the lead counsel for the plaintiffs. That case resulted in a settlement recovery for the class of a very substantial portion of the money that could have been recovered if the case had gone to trial, net of attorneys fees, expenses and administrate fees.

During the course of that litigation, which lasted for about five years, Stull, Stull & Brody kept me apprised of all significant developments in the action such as class certification, settlement negations, litigation strategy, pending motions, court rulings and trial preparation. I would regularly speak to counsel by telephone at which time the foregoing topics would typically be discussed and I would have the opportunity to ask questions and provide input.

Respectfully submitted,

Paul E. Gillmor

WASHINGTON
1203 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-3505
202-225-6405

DEFIANCE
613 WEST THIRD STREET
DEFIANCE, OH 43512
419-782-1996

NORWALK
130 SHADY LANE DRIVE
NORWALK, OH 44857
419-668-0206

TIFFIN
56 SOUTH WASHINGTON STREET, SUITE 400
TIFFIN, OH 44883
419-448-9016

http://www.house.gov/gillmor    TOLL FREE IN OHIO 1-800-541-8448    TOLL FREE FAX IN OHIO 1-800-278-8203