**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Civil Action No. 09-383-ML (Consolidated Actions) |

## DECLARATION OF PLAINTIFF HOLLY SHEETS SHEA

I, Holly Sheets Shea, make this Declaration pursuant to 28 U.S.C. § 1746:

1.     I am one of the named Plaintiffs in this action and a resident of the state of Georgia.  I am a former employee of Textron, Inc., where I worked from February of 2004 until December 31, 2008.

2.     I submit this Declaration in support of Plaintiffs' motion for approval of the proposed settlement and fee and expense application.

3.     While I was employed by Textron, Inc., I was a participant in the Textron Savings Plan (the "Plan").  I was a Plan participant during the Class Period.  During the Class Period, my Plan account contained Textron's company stock.

4.     I am represented by Major Kahn, LLC and Izard Nobel LLP (hereinafter, "my counsel").  I understand that the Court appointed Milberg LLP, as Interim Lead Counsel for all of the ERISA Plaintiffs and that Milberg works with my counsel to prosecute this case (together, "Plaintiffs' Counsel").  I believe that these firms will and have vigorously represented the interests of the Class.

5.     After careful consideration, I agreed to serve as one of the named plaintiffs.  I understand that among other things, this case was brought as a class action lawsuit against

Textron, Inc. and the other defendants to recover losses to the Plan as a result of the Plan's investment in the stock of Textron during the Class Period.

6.     After I agreed to serve as a named plaintiff in this case, I conferred regularly with my counsel, including numerous telephone calls and e-mail correspondence. I have also responded to questions and requests for information from counsel.

7.     I understood at the time that I agreed to participate as a named plaintiff that I might have to appear for a deposition and give testimony in this action. As a result, I attempted to travel to New York City on two separate occasions for a scheduled deposition. On the first occasion, I was stranded in the Atlanta airport on June 22, 2012, when my connecting flight to New York was cancelled due to weather and had to catch a flight back home after losing a day of work. I was able to get to New York and was deposed on July 8, 2012. Unfortunately, I had trouble with the return flight this time, and had to rent a car in Atlanta and drive home. I arrived in Thomasville around 4am on Monday July 9, 2012.

8.     I also understand that were the case to go to trial I would have to travel and give testimony live before the fact-finder.

9.     During the course of the litigation, I participated in the following activities: (i) reviewing documents such as Plan-related documents and other materials; (ii) reviewing and approving other court documents and discussions with my counsel in connection with them; (iii) regular update communications with counsel concerning the status and strategy of the action; (iv) searching my own files for Textron-related documents and sending what I found to my counsel; (v) regular updates with my counsel about concerning my responses to discovery requests; (vi) preparing for, travelling to and sitting for a deposition; (vii) communications with my counsel about the proposed settlement talks to be held in an attempt to settle this case; and (viii) review

and approval of the terms of the proposed settlement. I performed these tasks with care and consideration for my role as a representative of a class of persons injured by the Defendants' conduct.

10.     I believe that the proposed settlement is in the best interests of the Class and would ask the Court to approve such settlement. I am aware that the proposed settlement as well as the attorneys' fee and expense application is subject to court approval. As of this date, I am unaware of any person who objects to the foregoing.

11.     I have reviewed my records of my communications with Plaintiffs' Counsel and the volume of court papers and other materials I reviewed. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other correspondence with Plaintiffs' Counsel, reviewing the pleadings and other court papers in the case, searching for and producing to Plaintiffs' Counsel whatever case-related documents I had in my possession, responding to document requests, interrogatories and related follow-up requests for discovery; preparing for, travelling to, and appearing at a deposition, together with the time I spent consulting on and reviewing the terms of the proposed settlement and the written settlement papers, involved at least 74.5 hours of my time.

12.     For all the foregoing reasons, I respectfully request that this court grant the motion seeking approval of the settlement, fee and expense application and case contribution award.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 25th day of October, 2013.

_____
Holly Sheets Shea