IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION | Civil Action No. 09-383-ML (Consolidated Actions) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### DECLARATION OF ADRIENNE HARRINGTON-WHEATLEY

1. I am one of the named Plaintiffs in this action. I am a former employee of defendant Textron, Inc., and a participant in the Textron Savings Plan (the "Plan). I worked in the Bell Aerospace division as a Contracts Manager from approximately June 2003 to November 2004. In approximately November 2004, I moved to the Bell Helicopter division where I held several positions, my last one being Supervisor of Integrated Logistics for the V22 Osprey program. I left the employ of Textron, Inc. in approximately March of 2009.

2. On August 21, 2013, I was appointed by this court as one of the four representatives of the Settlement Class. (Doc. No. 107). I submit this Declaration in support of Plaintiffs' request that I be granted a case contribution award for my efforts on behalf of the Settlement Class.

3. I currently reside at 4100 Broadway Avenue, Apt. 11301, Flower Mound, Texas 75028.

4. I am represented by Thomas J. McKenna of the New York law firm of Gainey McKenna & Egleston, one of Plaintiffs' Counsel in this action.

5. After discussions with Mr. McKenna as to the duties and obligations of a named plaintiff in a proposed class action, I agreed to serve as a named plaintiff. I understood it would

1

be my responsibility to travel to Rhode Island to sit for a deposition and give my testimony in this case. I also understood that if the case went to trial I would have to travel to Rhode Island again and give my testimony live before the fact-finder. I agreed to do this.

6. I reviewed a draft of the proposed complaint and authorized Mr. McKenna to file it to commence a lawsuit in October 2009 on behalf of myself and on behalf of a proposed class of participants in the Plan. Later, I reviewed a draft of the proposed consolidated class action complaint and understood that my case was being consolidated with several other cases brought by other Plan participants. The Consolidated Class Action Complaint that included me as a named plaintiff was filed in the District of Rhode Island on February 2, 2010 (Doc. No. 28). In prosecuting this suit, I hoped to obtain a monetary recovery for myself and all other similarly situated Plan participants who held Textron common stock or units of the Textron Stock Fund in their Plan accounts.

7. After I agreed to serve as a named plaintiff in this case, I conferred regularly with Gainey McKenna & Egleston, in particular, Thomas J. McKenna, Esq. In addition to numerous telephone calls with counsel to discuss the case, I also exchanged with my counsel dozens of emails about the progress of the case and also sent and received correspondence via regular mail and fax. Mr. McKenna often had questions for and needed information from me, which I provided to him readily.

8. I also participated in the following activities during the course of the litigation: (i) investigating claims against Textron and the Plan fiduciaries; (ii) communicating with my counsel in connection with the investigation of the claim and the preparation and filing of the initial and consolidated class action complaints; (iii) reviewing public records and other documents such as Plan-related documents and other materials in connection with the case

against the Defendants; (iv) following news stories about Textron and alerting my counsel to any that seemed relevant; (v) reviewing and approving other court documents filed in the action and discussions with my counsel in connection therewith; (vi) regular update communications with counsel concerning the status and strategy of the action; (vii) reviewed and verified answers to the interrogatories propounded by Defendants; (viii) reviewed Defendants' requests for documents and searched my own files for Textron related documents and sent what I found to my counsel; (ix) regular updates with my counsel regarding Defendants' motion to dismiss the consolidated complaint, Plaintiffs' efforts to oppose the motion to dismiss, and motions by each side to compel further discovery responses for class certification; (x) regular updates with my counsel about general discovery issues and the progress of same; (xi) communications with my counsel about the proposed mediation to be held to attempt to settle this case; (xii) review and approval of the terms of the proposed settlement; and (xiii) review of the written settlement documents and the motion papers to this Court to give preliminary approval to this settlement and for final approval.

9. In addition, during the course of the litigation, I agreed with my counsel that Plaintiffs should make a motion to have the court certify the class with me as one of the proposed class representatives. I understood that by so doing, I was exposing myself to potential attack by Defendants as someone who could not appropriately serve as a class representative for whatever reasons Defendants would try to advance. I agreed to subject myself to that scrutiny for the benefit of the proposed class.

10. Thereafter, on Sunday, June 10, 2012, I travelled from my home in Texas to Rhode Island for my deposition. That evening I met with Mr. McKenna to prepare for my deposition. The deposition was scheduled for Monday, June 11, 2012. On Monday, the start of

the deposition was delayed and I had to wait until the late afternoon for it to commence. It lasted approximately three hours. Because of the delay in starting, I had to stay over in Rhode Island a second night. I flew back to Texas on June 12, 2012. I used two vacation days to cover my time missed from work.

11.   I approached each of these tasks with diligence, focus, and commitment.

12.   I was aware from discussions with Mr. McKenna that early informal settlement talks had not produced any common ground between the parties. I conferred with Mr. McKenna on Defendants' overture that the parties should attend a mediation and I agreed that the parties should mediate. I agreed with my counsel that the last and final offer made by Defendants at the mediation should be accepted by Plaintiffs as in the best interests of the Class and presented to this court for its review.

13.   I have not kept detailed daily or other time records which would show the precise amount of time which I have devoted to this case but I have reviewed my records of my communications with Plaintiffs' counsel and the vast volume of court papers I reviewed. I estimate that my total time devoted to this litigation, including all of my phone calls, emails and other consultations with Plaintiffs' counsel, reviewing the pleadings and other court papers in the case, reviewing and verifying interrogatories and searching for and producing to Plaintiffs' counsel whatever Textron-related documents I had in my possession, traveling to and from Rhode Island to prepare for and sit for my deposition, together with the time I spent consulting on and reviewing the terms of the proposed settlement and the written settlement papers, involved approximately 100 hours of my time from 2009 to the present.

14.   For all the foregoing reasons, I respectfully request that this court grant me a case contribution award.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28 of October, 2013

*Adrienne Harrington-Wheatley*
Adrienne Harrington-Wheatley