UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE TEXTRON, INC. ERISA LITIGATION

                                                            C.A. No. 09-383-ML
                                                            (Consolidated Actions)
                                                            CLASS ACTION

This Document Pertains to
ALL ACTIONS

**MEMORANDUM AND ORDER**

     This ERISA case, brought as a consolidated class action complaint (Dkt. No. 28) on behalf of participants in, and beneficiaries of, the Textron Savings Plan, was approved for class action settlement on January 24, 2014 at the conclusion of a fairness hearing in open court. (Dkt. No. 117). In addition to certifying the class and granting final approval of the proposed $4.375 million settlement, the Court granted class counsel's request for reimbursement of actual costs of $162,757.34 incurred in the course of prosecuting this action and it granted an incentive award of $10,000 to each of the four named plaintiffs for their participation in this litigation.

     The Court reserved its ruling with respect to the requested attorneys' fees of 30 percent of the gross settlement fund ($1,213,500), pending the receipt of additional information

concerning the lodestar[1] calculation, to be provided by counsel for the plaintiffs. Specifically, the Court inquired regarding (1) duplication of time between counsel from different firms engaged in the litigation, (2) hourly billing rates for attorneys in excess of $795, and (3) billing rates for investigators and other support staff whose role in the litigation was not described in the plaintiffs' submissions.

On February 7, 2014, class counsel submitted supplemental information that addressed the Court's concerns. (Dkt. No. 116). Specifically, counsel explained how it had coordinated the efforts of different law firms to avoid duplication; it detailed the relatively small number of attorneys with higher than Providence billing rates; and it provided additional information regarding charges for in-house investigators and litigation technology support. Counsel's revised lodestar calculations reflect total attorneys' fees of $4,122,717, a reduction by $304,531 from the initial request. (Dkt. 116-1).

The Court notes that it received a communication regarding the requested expenses and attorneys' fees from a class member. (Dkt. No. 111). The Court has given due consideration to the comments of that class member. The Court nevertheless finds that the request

---

[1] See e.g. <u>In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.</u>, 56 F.3d 295, 307 (1st Cir. 1995).

2

for counsel fees is supported by the documented efforts expended in this case.

In light of the amended lodestar calculation, the history and background of this litigation, and the uncertainty of the outcome, had this case not settled, the Court concludes that counsel's request for attorneys' fees of 30 percent of the gross settlement fund - which is only a fraction of the calculated lodestar amount - is fair and reasonable.

## Conclusion

For the reasons stated above, the request for attorneys' fees of 30 percent of the gross settlement fund is GRANTED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

United States District Judge
February 12, 2014